FABIEN S. POTVIN v. EPHRAIM E. MEYERS.

[FILED OCTOBER 30, 1889.]

**Judgment**: SATISFACTION: RIGHTS OF INDORSER.  In an action against the makers and indorser of a promissory note judgment was rendered against all of the defendants jointly, no defense of suretyship having been made by the indorser.  An execution was issued on the judgment and placed in the hands of the sheriff for collection and which was paid by the defendant, who was the indorser of the note upon which the judgment was founded, the money being returned by the sheriff with the execution to the clerk of the district court, who paid it to the judgment plaintiff. After the receipt of the money the plaintiff in the action assigned the judgment to the defendant, by whom it was paid, and who in the name of the plaintiff caused an execution to issue which was levied upon the land of his co-defendant, and under which the sheriff sold the said land.  On a motion to confirm the sale the owner of the real estate appeared and moved the court to set aside the sale and vacate the execution, upon the ground that the payment of the judgment satisfied and cancelled it, and that the relation of principal and surety did not exist as between the judgment defendants.  Upon a hearing before the district court the latter motion was sustained, the sale set aside, and the execution vacated.  *Held*, No error.

ERROR to the district court for Lancaster county.  Tried below before FIELD, J.

*Pound & Burr*, for plaintiff in error:

The relation of principal and surety continues after judgment.  The surety is entitled to the same rights as before; when he has paid a joint judgment against himself and principal, and taken an assignment of the same, he may be subrogated to the rights of the original judgment creditor.  Such surety is entitled to subrogation without a formal assignment, but may insist upon such assignment and enforce it by execution.  Evidence *aliunde* is admis-

sible to show the relation of judgment debtors. (*Day v. Ramey*, 40 O. S., 450; *Bangs v. Strong*, 4 N. Y., 315; *Carpenter v. King*, 9 Metc. [Mass.], 511; *Duffield v. Cooper*, 87 Pa. St., 443.)

*W. Henry Smith*, for defendant in error:

The record discloses nothing to show that Potvin was a surety for the other defendants. A payment by one of several joint judgment debtors, of the entire sum, extinguishes the judgment. (*Harbeck v. Vanderbilt*, 20 N. Y., 395; *Hammatt v. Wyman*, 9 Mass., 141; *Preslar v. Stallworth*, 37 Ala., 405; *Stevens v. Morse*, 7 Greenl. [Me.], 36.) In such case, the paying parties' remedy is contribution. (*Booth v. Bank*, 74 N. Y., 228.) In Missouri, under a statute giving greater facilities for obtaining judgment against co-sureties than existed at common law, it is held that a simple payment of the debt after judgment does not entitle a security to the rights of a plaintiff in the judgment and to an execution. (*McDaniel v. Lee*, 37 Mo., 204; *Hull v. Sherwood*, 59 Mo., 172; *Ferguson v. Carson*, 86 Mo., 673; see also *Montgomery v. Vickery*, 110 Ind., 211.) Subrogation is not a self-acting equity, and the mere fact of payment by an indorser is not a sufficient basis for it. Where, as in this case, it would work a positive wrong by being granted without hearing to one who merely alleges his surety-ship, and the fact is denied, it will not be allowed. (*Eaton v. Hasty*, 6 Neb., 425.) The very reason why chancery allows subrogation to a surety who has paid is that the debt is extinguished, and a court of law cannot aid him. (*Ontario Bank v. Walker*, 1 Hill [N. Y.], 652; *Russell v. Failor*, 1 O. S., 327.)

REESE, CH. J.

On the 22d day of August, 1888, the Quincy National bank, as plaintiff, filed its petition in the district court of

Lancaster county, against John K. Barr, Ephraim E. Meyers, and F. S. Potvin, as defendants, by which said bank sought to recover of the defendants named the amount of principal and interest due from them to it upon a promissory note for $2,500, dated April 29, 1887, due fifteen months after date, payable to the order of F. S. Potvin, and by him indorsed and guaranteed to said bank. No defense was made to that action, the defendants all making default. On the 30th day of November of that year a judgment was rendered against all the defendants for the sum of $2,827.80, together with the costs of the action. An execution was subsequently issued, upon which the sheriff made the following return: "This writ came into my hands December 29, 1888, and after diligent search I was unable to find any goods or chattels, lands or tenements, of the within named John K. Barr and Ephraim E. Meyers in my bailiwick, but did find property both real and personal, of the within named F. S. Potvin, and then notified said F. S. Potvin that unless he paid or caused to be paid said judgment and costs that I would levy on and proceed to sell his said estate. Whereupon, on the 9th day of February, 1889, said F. S. Potvin paid to me the full amount of said judgment and costs and interest in the sum of $2,933.60, etc." The remainder of the returns consisted of an itemized statement of the principal, interest, costs and increased costs collected by the sheriff.

Presumably on the same day an instrument in writing was executed, which we here copy:

"In the district court of Lancaster county, Nebraska.

"QUINCY NATIONAL BANK,
    Plaintiff,
  v.
EPHRAIM E. MEYERS, JOHN
 K. BARR, and F. S. POT-
VIN,   Defendants.

"This indenture, made this 7th day of February, 1889,

between the above named plaintiff as party of the first part and F. S. Potvin, as party of the second part, witnesseth:

"That whereas said first party, on the 30th day of November, 1888, recovered a judgment against the above named defendants in the district court of Lancaster county, Nebraska, for the sum of twenty-eight hundred and twenty-seven dollars and eighty cents, bearing eight per cent interest from the date of such judgment:

"Now this indenture witnesseth, that the said first party, on consideration of the sum of twenty-eight hundred and seventy dollars and five cents ($2,870.05), to it duly paid by E. R. Sizer, clerk district court, have sold, and by these presents do sell, assign, transfer, and set over unto the said party of the second part and his assigns the said judgment and all sums of money that may be had or obtained by means thereof, or any proceedings to be had thereon, and the said first party does hereby constitute and appoint the second party and his assigns its true and lawful attorney, irrevocable, with power of substitution and revocation, for the use and at the proper cost and charges of the second party, to ask, demand, and receive and to sue out executions and take all lawful ways for the recovery of the money due or to become due on the said judgment, and on payment to acknowledge satisfaction or discharge the same and attorneys one or more under him for the purpose aforesaid to make and substitute and at pleasure to revoke, hereby satisfying and confirming all that our said attorney shall lawfully do in the premises; and the said first party hereby covenants that there is now due on said judgment the sum of $2,870.05, outside and above all costs in court, and costs of collecting said money on execution or otherwise, and that I will not collect or receive the same or any part thereof, nor release or discharge the said judgment, but will allow all proceedings therein, the said second party to save and keep the said first party harmless of and from any costs in the premises.

"In witness whereof first party has hereto affixed its signature by its attorney of record, the day and year aforesaid.                    QUINCY NATIONAL BANK,

"*By Frank A. Boehmer*,

"*Its Attorney.*"

There is some dispute as to the real date of this assignment. There are two copies in the record before us, one of which is dated the 7th, and the other the 9th day of February. But this discrepancy is not deemed material.

On the 16th day of February, 1889, a *præcipe* for execution was filed in the office of the clerk of the district court as follows: "Quincy National Bank v. John K. Barr et al. To the clerk of said court: please issue execution in the above entitled cause and deliver same to the sheriff of said county. Make returnable according to law and oblige, L. C. Burr, attorney for Potvin."

Soon thereafter a motion or application was filed in the district court for an order requiring Frank Barr, Abraham Barr, Annie Barr, F. S. Potvin, and Mrs. Mattie Musser to appear and answer concerning the property of said John K. Barr. In support of this application an affidavit of F. S. Potvin was filed in which he averred that he was the owner of the judgment by reason of the payment of the amount due thereon to the sheriff, he having been an endorser upon the promissory note upon which the judgment was rendered; that the judgment was unpaid, and that the said Barr had property which he refused to apply to its payment. An order was made by the district court requiring the said John K. Barr to appear before a referee appointed to take his evidence, and to answer under oath such questions as should be propounded to him concerning his property. Certain proceedings were had by the referee under this order which it is not deemed necessary to notice here, except to say that the witnesses called before the referee refused to answer certain questions propounded to them, which fact was reported to the court

48

that they might be punished for contempt. Whereupon John K. Barr filed a petition to vacate the order of February 9th, requiring him to submit to the examination, and alleging, among other things, that the full amount of the judgment, interest, and cost was paid on the 7th day of February, 1889, upon the execution, and that the judgment was thereby satisfied and cancelled. It was also alleged that Barr was not indebted to Potvin in any amount upon said judgment. The facts constituting the reasons for the allegations were set out in detail, but need not be here stated.

Again, on the 24th day of February Barr moved the court for an order setting aside the *alias* execution, in which he again alleged the payment and satisfaction of the judgment. Under this *alias* execution the sheriff had levied upon, advertised, and sold certain real estate as the property of Ephraim E. Meyers, and had made his return to court and which awaited the action of the court in confirming or refusing to confirm the sale. Objections to the confirmation of the sale were also filed, and the case was heard by the district court upon the whole record thus presented. The trial of the issues thus formed resulted in a finding and order, which we here copy in full:

"QUINCY NATIONAL BANK,    ⎫
            *v.*                                     ⎬  5657—S 27.
JOHN K. BARR, EPHRAIM E.       ⎪
    MEYERS, AND F. S. POTVIN,  ⎪
    FIRST NAME UNKNOWN.         ⎭

" This cause now comes on to be heard upon the motion of defendant Potvin to confirm the sale made in this action and the objections to the confirmation filed herein, and on due consideration thereof the court sustains said objections, and overrules the motion to confirm said sale; to all of which defendant Potvin duly excepts.

"This cause l. 'ng been heretofore argued and submitted to the court upon the motion and petition filed herein to

set aside execution and to vacate the order for examination of defendant John K. Barr, made in this cause, the court now on due consideration finds that the judgment upon which said execution was issued was taken against the defendants upon a note executed by defendant John K. Barr and Ephraim Meyers to the defendant F. S. Potvin; that Potvin indorsed said note and transferred same to this plaintiff; that this plaintiff sued all the defendants upon said note and obtained upon default of the defendants a joint judgment against all the defendants upon said note; that execution was issued upon said judgment and the defendant Potvin paid said judgment in full to the sheriff who paid same into court, and the clerk of the court paid said money to the plaintiff; that plaintiff assigned said judgment to said defendant F. S. Potvin by their attorney, F. A. Boehmer.

"The court finds that such payment by defendant Potvin was a satisfaction of said judgment, and that it should be satisfied of record, and that the said Potvin was not entitled to the issuance of the execution in this case; and the court further finds that the judgment herein being satisfied as aforesaid prior to the issuance of the execution and making the order for the examination of John K. Barr, defendant, in aid of execution, that the defendant Potvin was not entitled to have the said execution issue upon said judgment or for said order in aid of execution.

"It is therefore considered and adjudged by the court that the said motion and petition of the defendant John K. Barr be sustained, and that said executions be and the same hereby are vacated and set aside, and that the order made herein on the 19th day of February, A. D. 1889, for the oral examination of the defendant John K. Barr in aid of execution, be and the same hereby is vacated and set aside, and all proceedings under said judgment and executions and under and in pursuance of said order in aid of execution are hereby vacated and set aside and held for

naught, and the judgment in this case is hereby satisfied and discharged of record.

"And it is further ordered by the court that the costs accrued in this action since the satisfaction of the same, taxed at $........., be paid by the defendant F. S. Potvin, for which execution is hereby awarded.

" To all of which findings, orders, and decree the defendant Potvin duly excepts and forty days from the rising of court is hereby given to reduce exceptions to writing."

It will thus be seen that the payment of the judgment by Potvin was held to be a satisfaction and cancellation thereof, and that plaintiff in error could take no further proceeding thereon in his behalf, thus relegating him to his action against his co-defendants for the money paid by him in satisfaction of the judgment, if any indebtedness existed.

A number of questions of secondary importance are presented, but we think the one question decided by the district court as to the satisfaction of the judgment by reason of the payments made by Potvin must be decisive of the case. The return of the sheriff showed that the amount due on the judgment was paid to him in satisfaction thereof by plaintiff in error, and by the so-called assignment it is shown that at the time of its execution the money had been paid by the sheriff to the clerk of the district court, and by him paid over to the judgment plaintiff. This being true, there was nothing which was the subject of an assignment or which the bank could convey. Had the fact existed, plaintiff in error might have appeared in the district court and filed his answer in the principal action, showing that he was surety only for the principal defendant, his liability having been created by the indorsement of the note, and thus procured a finding and judgment fixing his status, yet nothing of the kind was done, and so far as appears upon the face of the judgment, he was one of the principal defendants and the relation of

principal and surety did not exist.   Therefore he must be be treated as a joint judgment defendant, and the payment of the amount due upon the judgment by him to the sheriff must be held to be a complete satisfaction and cancellation thereof, and any subsequent arrangement entered into between the plaintiff in the action and plaintiff in error here would be unavailing, the judgment having been extinguished. (*Harbeck v. Vanderbilt*, 20 N. Y., 395; *Booth v. Bank*, 74 Id., 228 ; *Preslar v. Stallworth*, 37 Ala., 405.)

But it is contended by plaintiff in error that he was a surety for defendants upon the note upon which the judgment was founded, and that relation as between them continued after judgment, and in support of this a large number of cases are cited.   It may be conceded that when a judgment is obtained against principal and sureties that that relation will continue after judgment, and yet the decision of the district court be upheld.   The issue presented to that court by defendant was that, as between the defendants in the principal action, this relation did not exist; and this question was passed upon by the district court to the extent of holding that the proof did not show the suretyship of plaintiff.   The judgment failing to show the existence of the relation of principal and surety as between the defendants in that action, and the fact of its existence having been denied by defendants in error, the court very properly refused to compel the payment of the judgment by them in the face of the issue thus presented.   If plaintiff in error has a cause of action against defendants in error growing out of the payment of the judgment referred to, he can maintain it in a proper action instituted for that purpose, in which the issue can be fully tried upon pleadings filed in such case.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.