FIRST NATIONAL BANK OF PERRY, APPELLEE, V. AUGUSTA E. PILGER, APPELLANT.*

FILED JANUARY 5, 1907. No. 14,554.

1. **Quieting Title:** ACTION BY REMAINDERMEN. An action to quiet the title to real estate may be maintained by the remaindermen during the continuance of the particular estate.

2. ———: LIMITATIONS. In such case the statute of limitations commences to run at the time the adverse claim attaches.

* Rehearing denied. See opinion, p. 172, *post.*

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*R. J. Nightingale,* for appellant.

*J. H. Broady, Giddings & Winegar* and *T. S. Nightingale, contra.*

JACKSON, C.

On July 17, 1889, Abel Gates died intestate in Sherman county, leaving a widow, Jane A. Gates, and five children, four of whom were adults. The widow and five children were his sole heirs. At the time of his death he owned and occupied with his wife, as a family homestead, 160 acres of land. On February 8, 1890, letters of administration were issued by the county court of Sherman county for the purpose of administering the estate of the deceased, and on that day the county judge commissioned the county treasurer, county clerk, and another freeholder of the county, to appraise the homestead. On the 14th of the same month the appraisers reported, finding the value of the homestead to be $900. The incumbrance consisted of a mortgage to the Lombard Investment Company of $600. Jane A. Gates, the widow, on the day the report was made, filed a written acceptance of the homestead, subject to the incumbrance. The estate appears to have been administered on the theory that the widow took absolute title to the homestead under the provisions of chapter 57, laws 1889. On September 5, 1891, the widow conveyed the premises by warranty deed to M. D. Green, and through mesne conveyances by warranty deed the title finally vested in John Horn on May 15, 1894, who gave a purchase price mortgage to his grantor. The conveyances were all recorded at about the date of their execution. The Lombard Investment Company mortgage was paid and released as a result of the transaction with Horn. On October 30, 1899, Horn and wife conveyed the premises by warranty deed to Theodore L. Pilger and John

Kahl, subject to the Horn mortgage, which had been as-
signed to the plaintiff herein.    On April 16, 1902, the
Horn mortgage being unpaid, plaintiff proceeded in the
district court to foreclose the same, and such proceedings
were had as resulted in a decree and sale of the premises
to the plaintiff under the decree, confirmation of the sale,
and the execution and delivery of a sheriff's deed.    There-
after Augusta E. Pilger, wife of Theodore L. Pilger, pro-
cured from each of the five children of Abel Gates, all
of whom were then of age, quitclaim deeds, paying each
the sum of $10 as a consideration for the conveyance.
These deeds were placed of record, and thereupon, on
January 3, 1905, the plaintiff, being in possession, com-
menced this action in the district court to quiet its title
as against these conveyances.    The defendant filed a
cross-bill asking similar relief.    In the trial court the
finding was for the plaintiff as to an undivided four-
fifths interest in the land, and for the defendant as to the
remainder; the finding being that the plaintiff had ac-
quired title to four-fifths interest by adverse possession;
that by reason of the fact that one of the heirs of Abel
Gates was a minor the statute had not run as against
his share, and the title to the four-fifths interest was
quieted in the plaintiff, and the remainder in the defend-
ant, Augusta Pilger.    The defendant appeals.

The questions presented by the appeal are the rights of
the .plaintiff under the provisions of chapter 57, laws
1889, as affected by the legalizing act found in chapter
32, laws 1895; and, second, whether the statute of limi-
tations has run against the cross-bill of the defendant.
Jane A. Gates, the widow, died only a few months prior
to the commencement of the foreclosure proceedings under
which the plaintiff acquired title to the land, and the
appellee, claiming title through the remaindermen, the
children of Abel Gates, insists that no action on behalf
of the remaindermen or their grantees could be maintained
to quiet their title in the real estate until after the death
of the widow, who held the life estate.    She bases this con-

tention upon the provisions of section 61, ch. 73, Comp. St. 1905. Three sections of that chapter should be noticed in connection with this claim; they are sections 57, 59 and 61, as follows:

Section 57. "That an action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in the actual possession or not, claiming title to real estate, against any person or persons, who claim an adverse estate or interest therein, for the purpose of determining such estate or interest, and quieting the title to said real estate."

Section 59. "Any person or persons having an interest in remainders or reversion in real estate shall be entitled to all the rights and benefits of this act."

Section 61. "The provisions of this act shall not in any respect apply to the settlement, partition, or division of real estate among the heirs of a decedent, where the same is provided for by the intestate laws of this state."

On the last section appellant bases her contention. We do not think that section 61 has any application to the facts involved in this action; in fact the question seems no longer to be an open one. In *Hall v. Hooper,* 47 Neb. 111, it was held that any person claiming title to property in this state, whether in or out of possession, may maintain an action against any person or persons claiming adversely, for the purpose of determining such estate and quieting the title, citing *Foree v. Stubbs,* 41 Neb. 271; and, further, that such an action might be maintained by the remainderman during the continuance of the particular estate. The recording of the warranty deed from Jane A. Gates, the widow, was notice to the world that the grantee claimed an interest in the land such as the deed purported to convey. *Murray v. Quigley,* 119 Ia. 6. It is clear that an action to quiet the title might have been maintained by the children of Abel Gates immediately after the recording of the first warranty deed by the widow on September 5, 1891, and that the statute of limitations commenced to run against such an action from that date. The purpose

of the statute is well stated in *Murray v. Quigley, supra,* where a similar statute is in force. It is there said: "Without such statutory authority, a reversioner out of possession, and with no right thereto, could not maintain an action against one in possession as a life tenant, and it was undoubtedly the thought of the legislature that the welfare of those interested as well as of the public in general would be best subserved by providing a means whereby apprehended litigation affecting the use and enjoyment of real property might be at once settled." This form of action must, of course, be distinguished from one where the right of possession is involved, and is not affected by the rule that an action for possession cannot be maintained by the remainderman until the life estate is terminated by the death of the life tenant. It follows that the cause of action set out in the cross-bill of the appellant was barred by the statute of limitations at the time of the commencement of the action, at least to the extent that it was so held in the trial court, and that she has obtained all of the relief to which she is in equity entitled. This conclusion renders a discussion of the other question unnecessary.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed March 21, 1907. *Rehearing denied:*

SEDGWICK, C. J.

We think that in the brief upon the motion for rehearing section 61, ch. 73, Comp. St., is misunderstood. That section has no application to these proceedings. This

action does not have to do with the settlement, partition or division of real estate among the heirs of the decedent under the intestate laws of this state, and is therefore not affected by section 61.

Upon the death of Abel Gates in 1889 his heirs became the owners of the real estate in question, subject to the interest of the widow, Jane A. Gates. The widow disposed of her interest in September, 1891, and Mr. Green, who bought the land from her, from that time claimed to hold the whole title thereto. His possession was, therefore, adverse to that of the heirs, and the heirs might at once have begun this action to quiet their title. The plaintiff in this case is claiming under the title acquired by Mr. Green from the widow, and Mr. Green and those claiming under him, including this plaintiff, have had adverse possession of the land for more than ten years, so that the title under which the plaintiff claims has become complete. This is an action to quiet that title, and the plaintiff was not given any more relief by the district court than it was entitled to.

The motion for rehearing is

OVERRULED.