CHARLES G. HELMING ET AL., APPELLANTS, V. EMIL O. FORRESTER ET AL., APPELLEES.

FILED JULY 9, 1910. No. 16,065.

1. County Courts: JURISDICTION. An ex parte order confirming in a widow a title in fee simple to a homestead under the Baker decedent act (laws 1889, ch. 57) is one which the county court has no jurisdiction to make.

2. Constitutional Law: "CURATIVE ACTS": VESTED RIGHTS. An act of the legislature, of the class known as "curative acts," which

attempts to take away property rights already vested violates the constitution and is void. *Draper v. Clayton*, p. 443, *post.*

3. **Remainders:** LIMITATION OF ACTIONS. The right to bring an action for the possession of real property in the possession of a life tenant does not accrue to a remainderman until the termination of the life estate.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*J. J. Thomas, Edwin Vail, C. E. Spear, F. J. Mack, E. M. Bartlett* and *Douglas Deremore,* for appellants.

*E. A. Cook, contra.*

LETTON, J.

William F. Helming died intestate on the 5th day of December, 1889, without issue, leaving a widow, Minnie C. Helming. His mother, Charlotte Helming, and his brothers, Charles G. Helming and Otto B. Helming, and his sister, Minnie Sill, were his only heirs. His mother died soon thereafter, and her interest descended to the brothers and sister who are the plaintiffs in this action. The widow made application to the county court of Dawson county under the provisions of chapter 57, laws 1889, known as the "Baker Decedent Law," to have the homestead assigned to her. Action was taken by the court thereunder, setting aside and assigning to her the homestead of the deceased consisting of 160 acres of land. She afterwards married Emil O. Forrester, and afterwards died, leaving the defendant, Paul Forrester, a minor, as the sole issue of this marriage. During coverture, Mrs. Forrester and her husband executed a mortgage on the premises to one Le Flange, which mortgage was afterwards assigned by him to Emil O. Forrester. The mortgage and the assignment both appear on the records of Dawson county. Mrs. Helming and the defendants have held possession of the premises ever since the death of William F. Helming. The plaintiffs bring this action,

alleging that they are the heirs of William F. Helming and the owners in fee of the premises, that the proceedings by which the county court attempted to assign the title in fee to Mrs. Helming were void. They pray that the cloud upon the title created by the decree and the mortgage and assignment may be set aside, for an accounting of the money paid by defendants for the benefit of the estate, and of the rents and profits received, and further pray for the possession of the premises.

The answer pleads the decree of the county court; the passage of the curative act of April 9, 1895; the payment of certain mortgage indebtedness upon the land in reliance upon the title of Minnie C. Helming; title by adverse possession ever since the entry of the decree in 1890. Defendants pray that their title be quieted and for general equitable relief.

The reply alleges that the curative act is void, being in violation of the constitution of the state, and denies the other allegations in the answer. The court found that the defendants and Mrs. Helming have been in the adverse possession of the land since the 20th day of March, 1890, and that since the date of the decree in the county court no right of plaintiffs in the real estate has been admitted or recognized by Mrs. Forrester or these defendants, and quieted the title in the defendants.

1. The principal matters in controversy in this case have already been determined by this court. In the case of *Finders v. Bodle,* 58 Neb. 57, it was held that a decree of the county court assuming to vest in a widow the absolute title to a homestead selected from the lands of her deceased husband is void as an exertion of power not granted by the constitution or laws of this state. This case is followed by *Walker v. Ehresman,* 79 Neb. 775. In *Draper v. Clayton,* p. 443, *post,* opinion handed down at this session of the court, it was again decided that an *ex parte* order confirming in a widow a title in fee simple to a homestead under the Baker decedent act was one which the court had no jurisdiction to make. The order of the

county court in the proceeding attacked here was made
without notice to any one.

2. The question of the validity of the curative act is
also considered in the opinion in *Draper v. Clayton, supra,*
and decided adversely to the contention of the defendants
herein.   It is therein held that the curative act is void for
the reason that it is violative of a number of the pro-
visions of the constitution.   It is unnecessary to do more
than refer to this opinion on this point; but, upon the
proposition that a curative act, which attempts to take
away property rights already vested, is void, the follow-
ing cases are in point, in addition to those cited in that
opinion:   *Gladney v. Sydnor,* 172 Mo. 318; *Roche v.
Waters,* 72 Md. 264; *Richards v. Rote,* 68 Pa. St. 248;
*In re Christiansen,* 17 Utah, 412; *Denny v. Mattoon,* 84
Mass. 361; *People v. Board of Supervisors,* 26 Mich. 22;
*Lewis v. Webb,* 3 Me. 326; *Atkinson v. Dunlap,* 50 Me.
111.

3. Since the Baker decedent law and the decree en-
tered thereunder in nowise affected the title to the land
in question, upon the death of her husband Minnie C.
Helming became vested with a life estate in the homestead.
It is not disputed that the homestead character attached
to the entire 160 acres.   She and all persons claiming
under her were entitled to possession of the premises
against the plaintiffs until her death in December, 1901,
and until that event occurred the plaintiff could not main-
tain an action in ejectment to recover the possession.   The
right of action for such purpose began at that time, and,
ten years not having elapsed, the possessory action has
not been barred by the statute.   *Currier v. Teske,* 84 Neb.
60; *Hobson v. Huxtable,* 79 Neb. 334.   The defendants
contend that, since under the provision of the statute
(Ann. St. 1909, sec. 10868) an action may be brought to
quiet title by any person or persons, whether in actual
possession or not, against any person who claims an ad-
verse estate or interest in lands, a cause of action accrued
as soon as Mrs. Helming claimed the fee title under the

decree. Section 10870 provides: "Any person or persons having an interest in remainders or reversion in real estate shall be entitled to all the rights and benefits of this act." So far as appears from the record, the heirs were of full age at the father's death, and there is no doubt that under these provisions an action to quiet title might have been brought as soon as knowledge of the intention to deprive the heirs of their title by Mrs. Helming or her privies was brought home to them. *First Nat. Bank v. Pilger*, 78 Neb. 168; *Hobson v. Huxtable, supra.*

We are of opinion, therefore, that, so far as this action is for the purpose of quieting title, it is barred by the statute, but the purpose of the action is to recover possession as well as to quiet title. It is true that the case was tried to the court, and not to a jury, to which the parties in a possessory action are entitled; but, since neither party demanded a jury trial and they proceeded to try this issue without objection, they waived that right. Moreover, the defendants interposed an equitable defense and prayed for equitable relief. This did not change the character of the action from one for possession as well as to quiet the title (*Albin v. Parmele*, 70 Neb. 740, 746), and under the rule in *Hobson v. Huxtable, supra,* the cause of action for the possession of the property having been brought within ten years from the termination of the life estate was not barred. The holding in *First Nat. Bank v. Pilger, supra,* to the effect that the statute of limitations commences to run against an action to quiet title at the time the adverse claim attached, is not inconsistent with these views. *Holmes v. Mason*, 80 Neb. 448.

We are of opinion that the decree of the district court quieting title in the defendants is erroneous. Its judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.