JAMES W. MCFARLAND ET AL., APPELLEES, V. SARAH J. FLACK ET AL., APPELLANTS.

FILED JULY 9, 1910. No. 16,111.

1. **Homestead:** DESCENT. Upon the death of the owner of the fee in a homestead estate the same descends to the surviving spouse for life, and the remainder to the children of the owner of the fee title.

2. **County Courts:** JURISDICTION. The county court is without jurisdiction to assign a fee title in a homestead to the surviving spouse of the owner of the fee title, and chapter 32, laws 1895, is inoperative to validate such decrees.

3. **Remainders:** LIMITATION OF ACTIONS. The statute of limitations of an action by a remainderman to recover possession of the estate does not begin to run until the death of the owner of the life estate. The possession of the owner of the life estate is not adverse to the rights of the remainderman.

APPEAL from the district court for Kearney county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Lewis C. Paulson* and *George A. Adams,* for appellants.

*Joel Hull* and *Adams & Adams, contra.*

SEDGWICK, J.

These plaintiffs began this action in the district court for Kearney county to recover possession of 80 acres of land. Josiah W. McFarland and Elizabeth McFarland, his wife, occupied the premises as a homestead prior to the 18th day of June, 1890, the title being in the name of Elizabeth McFarland, and on that day Elizabeth McFarland died, leaving surviving her her said husband, Josiah W. McFarland, and these plaintiffs, her children. After the death of Elizabeth McFarland proceedings were had under the act commonly known as the "Baker's Decedent Law" (laws 1889, ch. 57), by which the county court of that county made an order assigning in fee the said real estate to the said Josiah W. McFarland. Under

those proceedings McFarland occupied the premises as his home until the 12th day of January, 1893, when he sold and conveyed the same to the defendant Henry J. Flack. Flack took possession of the premises and occupied the same until his death, which occurred in April, 1908. The said Josiah W. McFarland died on the 5th day of September, 1907. The district court found generally in favor of the plaintiffs and entered a decree giving them possession. The defendants have appealed.

The defendants urged that the county court had jurisdiction to assign homesteads, and if it erred in assigning the title to McFarland that decree is not therefore void, but is valid as against this collateral attack, and they further insisted that the curative act of the legislature (laws 1895, ch. 32) has remedied any defect that might otherwise have existed in the proceedings of the county court. They further urged that, as all of these plaintiffs became of legal age more than ten years before the commencement of this action, the statute of limitations is a complete bar, and that, as these plaintiffs had at least constructive notice by the recording of instruments that the title was claimed adversely, and the defendants and the parties through whom they claim have held the lands adversely for more than ten years prior to the commencement of the action, this adverse possession is a complete defense. All of these contentions of the defendants have been heretofore decided by this court. *Finders v. Bodle,* 58 Neb. 57, and two cases decided at the present session, *Draper v. Clayton, ante,* p. 443, and *Helming v. Forrester, ante,* p. 438. All of these cases hold that the Baker's decedent law is unconstitutional, following *Trumble v. Trumble,* 37 Neb. 340. In *Draper v. Clayton, supra,* it is held upon full discussion that the said curative act is void, and in *Helming v. Forrester, supra,* it is held that an action for possession by the children and heirs of the owner in fee of a homestead is not barred by the statute of limitations or adverse possession until ten years after the termination of the life estate in the

McFarland v. Flack.

homestead which the statute gives to the surviving spouse. The reasons for these holdings are fully given in the cases referred to, and no further discussion is required.

It follows that the judgment of the district court is right, and it is therefore

AFFIRMED.