ALEXANDER A. M. BULGRIN ET AL., APPELLEES, V. ALMA SCHLECHTE, APPELLANT.

FILED JANUARY 9, 1911. No. 16,248.

Appeal: STARE DECISIS. Where the only question presented on appeal to this court is one of law which has already by frequent decisions of this court become the settled law in this state, it will not ordinarily be again considered.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. Affirmed.

C. F. Stroman, for appellant.

A. B. Taylor and A. G. Wray, contra.

FAWCETT, J.

The facts in this case, which the brief of defendant concedes "are not in dispute," are: Albert L. Bulgrin died

intestate about October 25, 1889. At the time of his death he was the owner of and occupied as a homestead the southeast quarter of section 33, township 10 north, of range 1 west, of the sixth P. M., in York county, Nebraska. He left surviving four children, Alexander, Paul, Wanda and Robert, and his widow, Emma. In the settlement of his estate the probate court entered the following decree: "It is therefore ordered, adjudged, and decreed that said homestead of Albert L. Bulgrin, deceased, descend to Emma Bulgrin, the widow of Albert L. Bulgrin, deceased, in absolute title, subject to the incumbrance on the same, and that she pay to the other heirs their shares as follows": To the four children above named the sum of $330.25 each. These sums she never paid. Later on she married one Lewis Schlechte. Defendant was the issue of said second marriage. About October 11, 1899, Emma died, and in the settlement of her estate the county court entered the following decree: "The court finds that the deceased died seized of real estate as follows"—describing the land as above set out. In that decree the county court also adjudged that the four children of Albert L. and Emma Bulgrin, and the defendant, Alma Schlechte, were the heirs of Emma, deceased, and that the five "are entitled to, and that the said property, both real and personal, descends to them equally, share and share alike." Plaintiffs brought this suit in the district court for York county to quiet their title as against the decrees entered by the county court. The court entered a decree in their favor as prayed, and defendant, by her guardian *ad litem,* appeals.

As stated in defendant's brief, "the matter resolves itself into a question of law." Defendant contends: (*a*) That what is commonly known as the "Baker act" (laws 1889, ch. 57) was valid, and that the district court erred in holding the decrees of the county court, entered under the terms of the Baker act, void; (*b*) that the decrees of the county court were never appealed from, and for that reason the district court erred in permitting them to be

assailed collaterally.     The points presented and argued by defendant have all been carefully considered and decided adversely to her contention in *Finders v. Bodle,* 58 Neb. 57; *Draper v. Clayton,* 87 Neb. 443; *Helming v. Forrester,* 87 Neb. 438; and *McFarland v. Flack,* 87 Neb. 452. Under the above decisions, these questions are now foreclosed in this state.

The judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.