ARTHUR G. KRAMER, APPELLEE, V. BANKERS SURETY COMPANY ET AL., APPELLANTS.

FILED NOVEMBER 28, 1911.   No. 16,788.

1. Venue: ACTION ON BOND: SUMMONS TO ANOTHER COUNTY. The sureties on a bond given under the provisions of section 6, ch. 50, Comp. St. 1909, are not merely nominal parties in an action on the bond, but have such an interest in the action that an action on the bond may be brought against them in any county where they reside or may be found and, under section 65 of the code, a summons properly issued to any other county for service on their principal.

2. Judgment: RELIEF IN EQUITY. Where jurisdiction has attached, the fact that there is an error in the amount of recovery or other irregularities will not justify in a collateral action the granting of an injunction to restrain the enforcement of a judgment.

3. Subrogation: PRINCIPAL AND SURETY. In equity, a surety paying a judgment against himself and his principal is entitled to be subrogated to the rights of the judgment creditor, and to have the judgment assigned to him or to some one else for his benefit.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Reversed.*

*Pitzer & Hayward, Edwin Zimmerer, D. W. Livingston* and *A. G. Ellick,* for appellants.

*Andrew P. Moran* and *John C. Watson, contra.*

LETTON, J.

This action was brought to restrain the levy of an execution and the collection of a judgment obtained in the district court for Lancaster county against the plaintiff, Kramer, and others. A demurrer was filed to the petition, which was overruled, and, the defendants electing to stand upon their demurrer, a decree was entered for a perpetual injunction.

The judgment, the execution of which was enjoined, was rendered in a suit brought in the district court for Lancaster county by Laura Thompson and others against Kramer (who is a saloon-keeper at Nebraska City) and two other saloon-keepers, as principal defendants, and three corporations who were sureties upon their several bonds. The action was for damages alleged to have resulted by reason of the sale of liquor to the plaintiff's husband by the defendant saloon-keepers during the years 1907, 1908 and 1909. Service in that action was had upon the corporations by serving the state auditor and a general agent in Lancaster county and on the principal defendants by personal service in Otoe and Douglas counties. Default was made by the principal defendants. The surety corporation defendants entered their voluntary appearance, and a stipulation was entered into between the plaintiff and them, waiving trial by jury, and agreeing that the plaintiff might make proof of her cause of action for damages without a contest, and that judgment be rendered in her favor against the defendants in the sum of $2,000. It was also stipulated that the judgment be entered in the following proportions:

Against Louis W. Prenica, one-seventh; Arthur G. Kramer, three-sevenths; and Frank Effenberger, three-sevenths; and against the sureties, the Bankers Surety Company, of Cleveland, Ohio, three-sevenths; the United States Fidelity and Guaranty Company, of Baltimore, Maryland, three-sevenths; and the Lion Bonding and Surety Company, of Omaha, Nebraska, one-seventh. It further stipulated that the judgment should contain a finding that the corporations named are sureties for the principals, as alleged in the petition, and liable as such for the amount adjudged due, and, further, "that the undersigned will at once pay said judgment and shall be entitled to receive from the plaintiff an assignment thereof or satisfaction, as desired or preferred." Judgment was entered in accordance with this stipulation, and was paid by the corporation defendants.

The petition alleges that on the 30th of November, 1909, a transcript of this judgment was filed in the office of the district clerk of Otoe county, and that on or about December 10, 1909, an execution was issued thereon and placed in the hands of the sheriff of that county which he is threatening to levy. The essential allegations are that the district court for Lancaster county had no jurisdiction of the person of the plaintiff nor of the subject matter of the action; that the individual amount of his liability was not within the issues, and was not adjudicated nor determined, nor was any evidence offered or taken bearing upon this question, and the court had no power to apportion the damages; that the principal defendants were residents of other counties than Lancaster; that neither of the corporation defendants were residents of Lancaster county; that the cause of action did not arise in that county; that the service on the corporations was by serving the auditor of state and the general agents of the corporations for Lancaster county; that the plaintiff did not appear in the action, and did not consent to nor authorize any judgment to be rendered against him; that he has a meritorious defense to the cause of action, in that he was not guilty of

any of the wrongs charged against him; and he further pleads that the judgment has been paid and satisfied; that the plaintiff has no interest nor claim in the same, but that the corporation defendants are causing and directing the sheriff to levy the writ.

1. We will first consider the question of jurisdiction of the person. Plaintiff contends that the service of a summons in a county where a suit is brought upon a nominal defendant merely does not confer authority to issue a summons to another county for a real defendant. Several pages of brief are devoted to arguing this proposition. If the facts brought the case within his premises his conclusion would be unassailable. Unfortunately for this contention this court has already decided that the surety upon a saloon-keeper's bond is not merely "a nominal defendant." In *Horst v. Lewis*, 71 Neb. 365, it is held that licensed liquor dealers and their sureties are jointly and severally liable. In that case the action was brought in Madison county, where two of the defendants and their sureties resided and were served, and a summons was issued to Platte county, where one Smith, another defendant, and his sureties were served. Objection was taken to the jurisdiction of the court over Smith and his bondsmen on the ground that the service was unauthorized, and each of the principals and his sureties separately excepted for misjoinder of causes of action and of parties defendant. The court held that "the attitude of licensed liquor dealers toward each other and the public is analogous to that of mutual guarantors, each for all and all for each;" and, speaking of the sureties, said: "But Smith's sureties are obligated for his entire obedience to the law, and are liable, not only for his several or separate breaches of it, but for such breaches thereof, or liabilities thereunder, as he may have committed or incurred jointly with other licensees under the liquor act. They, therefore, to the same degree as their principal, had an interest in the action adverse to the plaintiffs, were proper parties to the action, and were

properly served in any county in the state to which a sum-· mons was issued." *Penney v. Bryant,* 70 Neb. 127; *Wood v. Carter,* 67 Neb. 133. We think the service on the sureties in one county warranted the service on the other defendants in other counties.

2. As to the contentions that the judgment is void because it apportions the liability of plaintiff, that it was rendered without evidence, and that it exceeds the amount of plaintiff's liability, the proceedings were clearly irregular as to the plaintiff in these respects, but these irregularities he was entitled to object to at the trial and to have reviewed on appeal. This was his proper and legal remedy, and one which was entirely adequate. He had no right to remain quiescent, to allow the judgment to go against him, and then to seek to have the errors reviewed collaterally by attempting to enjoin the enforcement of the judgment. The facts in this case differ materially from those in the cases cited by the plaintiff. Moreover, the mere fact that the plaintiff neglected to appear and defend for the reason that he was under the impression that the court had no jurisdiction cannot relieve him from the consequences of his failure to protect his interest. To hold otherwise would be to open the door to endless litigation.

3. Attached to the petition in the present suit as an exhibit is a paper entitled *"Thompson v. Prenica et al.,"* certifying that the plaintiff therein has received from the three surety companies (naming them) the sum of $2,000, and reciting that, "in consideration whereof, I hereby acknowledge full and complete satisfaction of said judgment, and hereby direct that the clerk of the district court of Lancaster county, Nebraska, enter this satisfaction on record in his office in the proper records. (Signed) Laura Thompson, plaintiff."

The remaining question is whether the payment of the judgment by the sureties without taking an assignment of it extinguishes their right to an execution thereon against the principal. The rule in equity is that, where a surety

23

pays a judgment on behalf of his principal, the judgment is not thereby extinguished as between the principal and the surety, but the surety is entitled to enforce the same against his principal for his own benefit. The law upon the subject of subrogation has been considered by this court in the case of *Eaton v. Lambert,* 1 Neb. 339; *Wilson v. Burney,* 8 Neb. 39; *Potvin v. Meyers,* 27 Neb. 749; *Henry & Coatsworth Co. v. Halter,* 58 Neb. 685; *Nelson v. Webster,* 72 Neb. 332. In the latter case the surety had paid the judgment, but had taken an assignment of it from the creditor. In a case where an issue has been made as to the relation of principal and surety between the parties, and a judgment establishing such relation has been rendered, does the fact that no assignment of the judgment has been taken by the surety render the payment an absolute extinguishment and satisfaction of the same against his principal? The authorities seem to be almost unanimous that in equity a surety paying a judgment against himself and his principal is entitled to be subrogated to the rights of the original creditor, and to have the judgment assigned to him or to some one else for his benefit. See 37 Cyc. 419, and note, in which cases from many states are collected. This is an action in equity, which regards that as done which ought to be done, hence the greater equities in this matter are with the sureties, and the plaintiff is not entitled to an injunction upon the facts alleged.

We are of opinion that the petition fails to state a cause of action, and that the district court erred in overruling the demurrer to the petition. The judgment of the district court is reversed and the cause remanded.

REVERSED.