JAMES R. WEDDLE, APPELLEE, v. GEORGE C. SPECHT, APPELLANT.

FILED FEBRUARY 12, 1915.   No. 18,003.

1. **Homestead: DESCENT.** Upon the death of either a husband or a wife holding the fee to the family homestead, the homestead vests in the surviving spouse for life. Their minor children, merely by virtue of such relation, have no homestead interest therein.

2. **Judgment: CONCLUSIVENESS: PARTITION: INFANTS.** Where, in a partition suit in a court of competent jurisdiction, service is properly had upon minor heirs, and a guardian *ad litem* is appointed and answers for them, the final judgment in the case binds the minor heirs as fully as other owners of the real estate, and the judgment may not be collaterally attacked. *Kazebeer v. Nunemaker,* 82 Neb. 732.

3. *Shearon v. Goff,* 95 Neb. 417, examined, and statement set forth in this opinion explained.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Heasty & Barnes,* for appellant.

*C. H. Denney, contra.*

LETTON, J.

Action by the vendor to enforce specific performance of a contract to purchase real estate. The defense is that the title is not perfect in the vendor, as it was agreed it should be. Decree for plaintiff.

Hattie Weddle died intestate, owning 160 acres of land which was occupied by her and her husband, James Weddle, and their two minor children as the family homestead. She had two other children who were of full age. Afterwards her husband, James Weddle, brought an action in partition, making each of the heirs a party defendant. The petition set forth that he was the owner in fee of an undivided one-fourth interest in the land, and that each of the four heirs owned a three-sixteenth interest in it, subject to his right of homestead, which he alleged was of the value of $1,200; that there were no debts; that he had given the statutory bond to cover debts and expenses; and that the land was encumbered by a mortgage lien in the sum of $2,000. The adult heirs entered a voluntary appearance. Proper service was had upon the infant defendants, and a guardian *ad litem* appointed, who filed an answer. The court found the allegations of the petition to be true, confirmed the shares of the respective parties, and appointed a referee to make partition. The referee reported that the premises could not be divided without great prejudice to the owners, and he was thereupon ordered to sell the land. It was sold to James Weddle, who was the highest and best bidder. The sale was confirmed and the proceeds distributed in accordance with the decree. The share of the minor heirs was paid to and receipted for by their duly appointed and qualified guardian.

The defendant takes the position that the land was the homestead of deceased, and continued to be the homestead of James Weddle and his minor children after his wife's death, and that therefore the proceedings in partition were ineffective so far as concerns the estate of the minors, and that plaintiff is not possessed of a title in fee simple. He

states the question for determination, as follows: "If the district court has jurisdiction to decree a partition of the homestead while it is occupied by the surviving spouse and the minor children of the deceased as their home, then the judgment of the lower court should be affirmed. If, on the other hand, a homestead while thus occupied may not be partitioned, then the judgment of the lower court should be reversed."

The theory of defendant is that the court has no jurisdiction to partition a homestead while the parent and minor children are residing thereon as one family, for the reason that the infant defendants could not legally consent to a waiver of their homestead rights, nor could their guardian *ad litem* consent to such waiver for them. This assumes that in this state minor children have a homestead interest separate and apart from that of a surviving father or mother. Reliance is placed upon the following quotation from a note to *Battey v. Barker,* 62 Kan. 517, in 56 L. R. A. 33, 77: "The policy of the law with reference to homesteads is as a general rule to keep the family together after the death of its head, and to preserve the home to it for the joint use of all. Partition of the homestead estate, either between the children or between the widow and the children, is not, therefore, usually allowed, and in some instances it is expressly prohibited." But it is pointed out elsewhere in the note that the estate or interest which either the surviving parent or the minor children acquire in a homestead depends entirely upon the language of the statute, and that in many states minor children of the family are given by statute an interest in the hometsead. In this state the survivor upon the death of his or her spouse takes a life estate in the homestead. There is no statute separating the rights of minor children from those of the surviving parent, and if he or she should select another homestead, or move the family residence to another point, there is nothing to prevent it from being done. The life estate does not depend upon residence. *Durland v. Seiler,* 27 Neb. 33; *Cooley v. Jansen,* 54 Neb. 33; *McFarland v. Flack,* 87 Neb. 452. In the opinion in *Shearon v. Goff,* 95

Neb. 417, all preceding cases upon this point are collected and reviewed. But defendant also relies upon the following statement in the latter case, speaking of the rights of a surviving husband where the deceased wife had been the owner of the fee: "On the other hand, he could not have compelled the owner of the remainder estate to submit to a sale by partition or otherwise. A remainderman may say to the owner of the life estate: 'You have a right to sell your life estate. Over that I have no control. But you cannot sell the entire estate. That is to say, you cannot sell my interest as a remainderman, even though you turn over to me a portion of the proceeds arising from such sale. I prefer to wait until your death and then take the entire estate.'" This point was not involved in the determination of the case. The language is obiter dictum as applied to the owner of an interest in fee and seems to be in contravention of the statute.

The determination of this case might be placed upon another ground. The proceedings in partition were apparently entirely regular, and under the provisions of sections 1497, 1499, 8212, 8213, 8322, 8323, Rev. St. 1913, the minor heirs are bound by the finding and judgment of the court as fully as the other owners of the property. 30 Cyc. 223; *Sites v. Eldredge,* 45 N. J. Eq. 632, 14 Am. St. Rep. 769.

This action is of the nature of a collateral attack upon a judgment rendered by a court of competent jurisdiction over the person and the subject matter, and hence it cannot be maintained. The cases of *Staats v. Wilson,* 76 Neb. 204, and *Kazebeer v. Nunemaker,* 82 Neb. 732, are decisive of the question. *Morrill v. Morrill,* 20 Or. 96, 23 Am. St. Rep. 95, and note.

The judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., ROSE and HAMER, JJ., not sitting.