PAUL FOERSTER, APPELLANT, V. CHARLES G. HELMING ET AL., APPELLEES.

FILED JANUARY 19, 1921.   No. 21458.

1. Infants: JUDGMENT: CONCLUSIVENESS.  An infant defendant may appeal by his guardian *ad litem* from a judgment against him, and if his defense and appeal have been made in good faith, and without fraud or collusion, such an appeal determines the question whether errors occurred in the proceedings, and the judgment cannot, after he attains his majority, be opened up under section 8010, Rev. St.  1913, on the grounds that the district and supreme courts erred in their decision.

2. ———: ———: ———.  The grounds upon which a judgment may be opened up under section 8010 are those existing at the time of the trial and rendition of the judgment, and not matters occurring thereafter.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Cook & Cook,* for appellant.

*Henry Silwold* and *George C. Gillan, contra.*

LETTON, J.

This is an aftermath of the case of *Helming v. Forrester,* opinions in which case are reported in 87 Neb. 438, and 92 Neb. 284. The facts are fully set forth in the respective opinions. Paul Foerster, or Forrester, the infant defendant, has now reached his majority, and has begun this action within one year thereafter, under section 8010, Rev. St. 1913, which is as follows: "It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment."

In the former case plaintiff was represented by Mr. E. A. Cook, his guardian *ad litem,* a member of the bar, who made a vigorous defense, and appealed to this court from the final judgment, and who is his counsel in this suit.

The petition alleges that defendants are in possession of the land, claiming title under the former judgment; that both the supreme court and the district court erred with respect to the law; that the guardian *ad litem* did not plead as a defense that the defendant Charles G. Helming, as administrator of the estate of William F. Helming, deceased, in 1890 brought proceedings in the district court to obtain a license to sell the real estate to pay debts; that in that proceeding Minnie C. Helming, the mother of plaintiff, claimed title under decree of the county court awarding her the homestead, and that the district court found that she was the owner of the homestead, and that it was not subject to be sold for the debts of the deceased, and dismissed the action. He further alleges that the defend-

ants Otto B. Helming and Minnie Sill, by reason of their interest in the real estate, were then charged with notice that Minnie C. Helming was claiming to own the land in fee simple.   He prays that the former judgment be set aside and the title be quieted in him.

The answer pleads the former adjudication;. that an answer was filed by the guardian *ad litem,* which alleged the decree of the county court under the void Baker act (Laws 1889, ch. 57), and adverse possession for more than ten years; that the action is barred by the judgment of the supreme court; that defendants never appeared or authorized an appearance in the proceedings to sell the real estate to pay debts; that the county court had no jurisdiction in the matter of title; and that substantially the same defense was made in the former answer.   The reply was a general denial.   The court found for defendants and dismissed the suit.

On the former trial the answer of Emil Forrester, plaintiff's father, set up substantially the same defense as to the decree of the county court that it is now said should have been asserted by the guardian *ad litem,* except as to the proceedings to sell land to pay debts.   At the trial the record of the proceedings by the administrator to sell real estate was excluded on the objection that the controversy was not between the same parties; the same issues were not involved; the county court had no jurisdiction to determine title, and its decree was void; and that the proceedings in the district court did not involve the issue of title as between the parties.   We think this ruling was correct.

We have never departed from the view that decrees of the county court in proceedings under the Baker act are absolutely void; that such a decree conferred no right or title in the homestead to a widow; and that she became possessed only of a life estate in the homestead at her husband's death.   *Draper v. Clayton,* 87 Neb. 443;   *McFarland v. Flack,* 87 Neb. 452.

For what reasons may a judgment against an infant rendered in proceedings where he appeared by guardian *ad litem* duly appointed, and made a vigorous defense, be set aside under section 8010?

In *Manfull v. Graham,* 55 Neb. 645, it is said that section 442 of the Code (now section 8010, Rev. St. 1913) recognized the old chancery rule based on the theory that the infant was not bound by the answer of the guardian *ad litem,* and might show cause against a decree by showing either substantial error or a defense which had not been interposed, and that it was not in all cases that the infant was accorded his day in court after reaching his majority: "The statute does not extend his former rights in that respect, but merely makes it unnecessary to expressly reserve the right in the decree, and allows the right to be asserted only in such cases as, according to the old practice, such express reservations would be proper." Under the former practice, where the decree directed the sale of the infant's lands, it was binding on the infant and he had no day in court to show cause against it; this of necessity to avoid the chilling of bids and insecurity of titles derived under such a sale.

The practice of giving an infant a day in court after majority arose in feudal times, and was designed to preserve the continuity of title and possession of estates. Though in this country the field has been widened, the power to set aside should not be exercised unless necessary to prevent injustice. In this case it is to be noted that the former infant is claiming under the alleged adverse possession of his mother against the heirs of the intestate, and cases evidencing the concern of a court of chancery to preserve the inheritance are not strictly applicable. The defendant heirs are of the blood of the intestate, while plaintiff is a stranger to that blood. No question of *bona fide* purchaser is involved.

In *Joyce v. McAvoy,* 31 Cal., 273, 89 Am. Dec. 172, in which state at that time there appeared to be no statute reserving a day to show cause against a decree, it was

held that a judgment against an infant, which is merely erroneous, and not void, may be corrected on appeal; if fraudulent or obtained by collusion, it must be attacked in a direct proceeding, and not collaterally; and also that, where a court has jurisdiction of the subject-matter and of the parties in interest, its judgment, though erroneous, is valid until reversed on appeal, or vacated in some direct proceeding.

In *Webster v. Page,* 54 Ia. 461, in a similar proceeding it was held that "the errors which may be considered in this proceeding, and which will authorize the court to vacate the judgment, are such as would be a ground of reversal upon appeal. *Bickel v. Erskine,* 43 Ia. 213."

In a Virginia case, *Walker's Exr. v. Page,* 21 Grat. (Va.) 636, 645, the rule, that the privilege accorded to an infant to show cause against a decree disposing of his real estate is limited to a cause existing *at the time the decree was announced,* was adhered to. In the same case, where it was sought to set aside a sale of real estate after the war because the sale was made for Confederate money and the proceeds invested by the court for him in Confederate securities, the court said: "Certainly the infant, upon arriving at age, can show no such cause as this, to entitle him to vacate a decree made against him while an infant. He may show error upon the face of the record; or he may show that the court had no jurisdiction to enter the decree; or, if it had jurisdiction, that the proceedings were irregular and not binding upon the parties; or he may show that the case made by the record did not warrant the decree."

In Kentucky the Code provided that an appeal should not be granted except within two years after the right accrued, unless the party was an infant, in which case an appeal might be granted within one year after the removal of disability. In *Moss v. Hall,* 79 Ky. 40, the facts were that the parties representing infant defendants failed to prosecute an appeal within two years, but afterwards appealed before majority. The court said: "Having the right to

an appeal before their arriving at age, we see no reason why the appeal should not be allowed at any time during their minority. * * * It is to the interest of all parties, if there is an error in the judgment, that it should be ascertained, and their rights finally determined. The appeal by the infant would be a complete bar to any appeal after arriving at age, and it was never contemplated that such a construction should be given the statute as would postpone the settlement, not only of the rights of infants, but of those litigating with them, for years after the judgment has been rendered, when the infants appear in court by those entitled to be heard for them, asking a final adjudication so important to the interest of all concerned."

If the right of an infant to show cause against a merely erroneous judgment is accorded by allowing him the right to appeal, and it is only in cases where there is fraud, collusion, or lack of jurisdiction that the judgment may be attacked by proceedings in the court in which it was rendered, then much of the uncertainty as to titles, which would otherwise result, would be obviated. Any judgment may be set aside within certain limitations as to time, if obtained by fraud or collusion, or rendered by a court without jurisdiction. A judgment against an infant is no different in this respect, save that in some cases the duration of the infant's minority exceeds the time limited by statute for opening judgments by other parties. There is nothing in our statute to prevent an appeal by an infant who is properly represented by guardian *ad litem* and counsel during his minority; in fact, it is not unusual; and if the alleged errors in the judgment of the lower court are fully and fairly presented to the reviewing tribunal and there determined, the infant has obtained all the rights to which he would be entitled under his right to a day in chancery, or under the statute. It is essential to public welfare that there be an end to litigation, and that the validity of titles be settled and established. The distinction made in *Joyce v. McAvoy, supra,* between erroneous judgments and those rendered by fraud or collusion, is

obvious, and if this principle is observed by the courts this will afford the minor all rights to which he is entitled, and at the same time preserve the stability of titles. This seems to have been the view taken by this court in *Sutphen v. Joslyn,* 93 Neb. 34. This was an action to set aside a decree of specific performance rendered in an action in which the plaintiff, while an infant defendant, had appeared by a guardian *ad litem.* The matter in controversy involved the title to a valuable tract of land in Omaha. It was alleged that there was fraud in procuring the original decree, but the court found that neither actual nor constructive fraud had been established by the evidence, and refused to open the decree.

In *McCreary v. Creighton,* 76 Neb. 179, it is said that a judgment against a minor may be set aside on a slight showing of defense, where the application is made for that purpose within one year of the time he reaches 21 years of age; but that point was not directly involved, and in that case no appeal had been taken by the guardian *ad litem.*

The views expressed seem to be in harmony with decisions in other states, although it may be said that in some states the language of the opinions seems to indicate that a judgment may be opened up in the trial court for errors which would require its reversal upon appeal. In most of such cases, however, judgments were not opened on account of mere errors, and this language is used *arguendo.* The purpose of the statute is to extend the time within which an infant who has been fraudulently or collusively defrauded of his estate, or his rights by a judgment, may apply to the court for relief. It is not to render every judgment in a case where an infant is a party merely interlocutory, and not final, until one year after attaining his majority. Nor is its purpose to apply to cases where the property has passed into the hands of a *bona fide* purchaser.

The plaintiff, by appeal to this court during his minority, raised every matter of defense then available, except the defense of administrator's proceedings to sell, which counsel testifies had slipped his mind at that time, and

which we hold did not constitute *res adjudicata* as against these heirs. He has had all the rights which the law accords him, and is not entitled to have the former judgment set aside.

Other citations bearing on the points involved are: *Walsh v. Walsh,* 116 Mass. 377; *Harris v. Bigley,* 136 Ia. 307; *Walkenhorst v. Lewis,* 24 Kan. 420; *Harrison v. Wallton,* 95 Va. 721, 64 Am. St. Rep. 830; *Kingsbury v. Buckner,* 134 U. S. 650, 10 Sup. Ct. Rep. 638; 14 R. C. L. 295, 296, secs. 61, 62; 22 Cyc. 703.

AFFIRMED.