NELLIE L. NELSON, APPELLANT, v. BONNIE NELSON ET AL., APPELLEES.

42 N. W. 2d 654

Filed May 18, 1950. No. 32755.

*Torgeson, Halcomb & O'Brien,* for appellant.

*W. H. Kirwin, Kenneth C. Fritzler,* and *Ivan Van Steenberg,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This suit was brought by appellant for an accounting and a determination of the amount she claimed to have paid to the legal guardian of Peter M. Nelson, an incompetent, in excess of her indebtedness to him and for a recovery thereof from appellees or one or more of them.

The appeal tests the correctness of the action of the

district court sustaining general demurrers to the petition and entering judgment dismissing the case.

The claims of appellant as stated in the petition are that: Ivan Van Steenberg, as guardian of Peter M. Nelson, recovered a judgment against appellant and her husband, Joseph W. Nelson, in the district court for Banner County for $6,657.35, adjudged to be the unpaid balance of an indebtedness represented by their promissory note payable to Peter M. Nelson. A subsequent suit based upon the judgment was brought in that court by the guardian to subject property in the name of appellant, her husband, and her son to the lien of the judgment and to appropriate it for the satisfaction thereof. That case resulted in a judgment against appellant in the sum of $6,637.35, and it was affirmed by this court. Van Steenberg v. Nelson, 147 Neb. 88, 22 N. W. 2d 414. Appellant was compelled to pay the judgment or suffer the sale of her property on execution. Payment thereof was made by her to the clerk of the district court. She claims the prinicipal amount of the judgment rendered in the original case was, because of inadvertence, mistake, and fraud, more than $1,000 greater than the amount of the indebtedness due and unpaid at the time of its entry. The error resulted from the failure of the court to credit the payments made on the indebtedness and endorsed on the note when the computation was made of the amount due at the time of the rendition of the judgment. Appellant discovered the facts in reference thereto on April 1, 1948, more than four years after the judgment was rendered. The amount of the unpaid indebtedness evidenced by the note or the amount of the judgment first rendered was not raised or litigated in either case. Appellant contested her liability in each of the cases. The clerk of the district court paid the amount received from appellant to the guardian of Peter M. Nelson and, after the death of the ward, the guardian paid it to Kenneth C. Fritzler, trustee by the will of Peter M. Nelson, deceased, for his widow, Bonnie Nelson.

There is no claim of jurisdictional infirmity in either of the judgments. The existence of complete jurisdiction affirmatively appears from allegations in the petition. The statement that the judgment in the first case was rendered because of fraud is a conclusion insufficient to tender an issue and is not admitted by the demurrers. Fraud is generally a question of fact, and to be effective as a cause of action or a defense must be pleaded by suitable allegations of fact from which it may be concluded. A mere charge of fraud is a conclusion and presents no issue. U. S. Theatre Supply Co. v. Creal, 122 Neb. 743, 241 N. W. 529. A general demurrer to a pleading admits the truth of all material facts properly pleaded for the purpose of testing their sufficiency as a cause of action or defense, but does not admit conclusions of law or fact. State ex rel. Johnson v. Consumers Public Power District, 143 Neb. 753, 10 N. W. 2d 784, 152 A. L. R. 480.

The allegation that the amount of the indebtedness was not raised or litigated in either of the cases is not only a conclusion of the pleader, but is also contradicted by the inherent and necessary effect of other statements in the petition. The case in which the first judgment was rendered was solely for the recovery of money and implicit therein, as in the second case, was the issue of the liability of appellant and the amount thereof. A judgment is an adjudication of all matters essential to support it. Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649; Morrell v. Towle, 141 Neb. 370, 3 N. W. 2d 655; Union Central Life Ins. Co. v. Saathoff, 115 Neb. 385, 213 N. W. 342.

Appellant assails the validity of the judgment in the action at law on the basis, as she claims, it was for a greater amount than was asked in the petition in the case. Conceding but not deciding this, the result claimed is not true. The contents of a petition are not a measure of the jurisdiction of the court. The jurisdiction of the subject matter is tested by the extent of the powers of

the court in respect to the cause of action before it. In re Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488. The jurisdiction or power of the court was not affected by any error in determining the amount of the unpaid indebtedness represented by the note sued on. Kramer v. Bankers Surety Co., 90 Neb. 301, 133 N. W. 427; Kazebeer v. Nunemaker, 82 Neb. 732, 118 N. W. 646; Weddle v. Specht, 97 Neb. 693, 151 N. W. 160.

The fraud, mistake, and inadvertence alleged by appellant are related by the petition to the judgment in the original case. There is no defect or irregularity claimed in the proceedings or the judgment in the second case. Appellant does not seek to have either of the judgments set aside. She seeks to disregard their effect in a collateral proceeding. Any insufficiency of the first judgment could not affect the validity of the judgment in the second case. They each adjudicated the amount of the indebtedness owing by her, and no direct attack has been made upon either of them. She paid the amount finally determined by contested litigation to be her liability, and the satisfaction of an adjudicated obligation by appellant could not result in a cause of action in her favor.

This is a collateral attack on a former adjudication made by a court of unquestioned jurisdiction of the parties to and the subject matter of the litigation. Van Steenberg v. Nelson, *supra*. The doctrine of res judicata is that an issue determined by a valid judgment on the merits is finally concluded as to the litigants and those in privity with them. The final judgment fixing the rights of the parties terminates the controversy, while the decision is in force, and is in any subsequent litigation conclusive evidence of those rights. Dawson County Irrigation Co. v. Stuart, 142 Neb. 428, 6 N. W. 2d 602; In re Estate of Vetter, 142 Neb. 167, 5 N. W. 2d 215.

The judgment of the district court should be, and is, affirmed.

AFFIRMED.