IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, A. D. 1889.

PRESENT:

Hon. M. B. REESE, CHIEF JUSTICE.
" AMASA COBB, } JUDGES.
" SAMUEL MAXWELL,

A. J. DURLAND, ADMINISTRATOR, APPELLANT, V.
ANNIE B. SEILER, APPELLEE.

27 33
38 519

27 33
54 35

[FILED JUNE 13, 1889.]

1. **Homestead.** Where a homestead was selected or severed from the separate property of the husband, and at the time of his death he resided upon it with his family, the title thereto vested in his wife during her life, exempt from the payment of any debt or liability existing against either the husband or wife at the time of the death of the husband, except such as were valid liens as against the husband at the time of his death.

2. ———. In such case neither the life estate vested in the wife, nor the remainder vested in the heirs of the decedent or wife, would be liable for the debts of either husband or wife existing at the time of the death of the husband; and this would be the case whether they occupied the property as a homestead or not, the exempt quality of the property not depending upon such occupancy.

3

APPEAL from the district court of Madison county. Heard below before POWERS, J.

*White & Mapes,* and *H. C. Brome,* for appellant, cited: *Dawley v. Ayers,* 23 Cal., 108; *Alston v. Ulman,* 39 Tex., 157; *Finley v. Sly,* 44 Ind., 269.

*Wigton & Whitham,* for appellees, cited: *Guthman v. Guthman,* 18 Neb., 105–6; *Johnson v. Gaylord,* 41 Ia., 362, 367; *Bradshaw v. Hurst,* 11 N. W. Rep., 672 [87 Ia., 745]; *Estate of Orr,* 29 Cal., 101, 104; *Estate of Busse,* 35 Id., 310; *Schadt v. Heppe,* 45 Id., 433; *Graham v. Stewart,* 9 Pac. Rep. (Cal.), 556–9; *Lake v. Page,* 1 Atl. Rep., 113, 115 [63 N. H., 318].

REESE, CH. J.

This was an application by the administrator of J. F. Woodruff to the district court, for license to sell real estate for the purpose of paying the debts against the estate of the owner at the time of his death. The facts, as stated by appellant in his brief, are substantially correct, and are as follows:

On the 11th day of September, 1884, appellee became the wife of J. F. Woodruff. On October 1, Woodruff purchased the premises in controversy, to-wit, lots ten and eleven in block four, in the town of Norfolk Junction, in Madison county, and with his family moved upon and occupied the premises in controversy, and was so occupying at the time of his death, which occurred October 24 of the same year. The property is worth about one thousand dollars. At the time of his death Woodruff owed Emma I. Furguson, the person from whom he purchased the premises, $320, being an unpaid portion of the purchase price. This debt was evidenced by a promissory note signed by Woodruff and his wife, the appellee herein. On

the 8th day of August, 1885, appellant Durland was appointed administrator of Woodruff's estate by the county court of Madison county.   The claim of Emma I. Furguson, evidenced by the note above mentioned, was duly filed and allowed against the estate.   There being no personal property or other real estate belonging to the estate in the hands of the administrator, from the proceeds of which said debt could be paid, on the 20th day of September, 1887, Durland filed in the office of the clerk of the district court of Madison county a petition for license to sell the real estate in controversy, for the purpose of paying the debts and the expenses of administration.   Appellee, who was formerly the wife of Woodruff, answered on the 3d of November, 1887, claiming that said premises were occupied as a homestead at the time of Woodruff's death, and that since his death she had obtained a conveyance to herself of said property from the heirs at law of Woodruff, and asking that plaintiff's petition be dismissed. Appellant's reply, filed November 28, admitted the occupation by Woodruff and wife at the time of his death; but alleged a subsequent abandonment. of the homestead by appellee; that appellee became after such abandonment a non-resident of the state of Nebraska, and is now a non-resident thereof; that as to the averment in appellee's answer, asserting a subsequent conveyance from the heirs at law of Woodruff to appellee, appellant had no knowledge, but asserting that such conveyance, if made, was upon the express condition and consideration that appellee would pay the claim of Emma I. Furguson for the unpaid balance of the purchase price of the premises in controversy; and that the heirs at law of Woodruff are, and at all times have been, non-residents of Nebraska.   In addition to the facts disclosed by the pleadings it is shown by the evidence that the debt for which appellant sought to sell these premises is for the purchase money, and the note is signed by the appellee.   The heirs at law of Woodruff are, and at

all times have been, non-residents of Nebraska. Appellee, after the death of her husband, remained upon and occupied the premises in controversy until June 1, 1885, when she abandoned them, removing to the city of Norfolk, where she resided until December 9, 1885, when she removed to Clinton, Ohio, where she resided three months, and was there married to her present husband, Seiler, and then removed with her husband to Wichita, Kansas, where she has since continued to reside. On the 19th day of March, 1885, Mrs. Seiler conveyed these premises by warranty deed to G. W. Keel. Upon these facts the district court found for appellee, and from the judgment of dismissal the administrator appeals.

It is claimed that the real estate should be held liable for the payment of the debts of the estate of the decedent, and that the judgment of the district court should be reversed on the ground that the removal by appellee, subsequent to the death of her husband, was a forfeiture of her title to the premises. That is, that she abandoned the homestead, and the homestead character was thereby lost. This calls for an interpretation of section 17 of chapter 36 of the Comp. Stats., entitled Homesteads. The section under consideration is as follows:

"SEC. 17. If the homestead was selected from the separate property of either husband or wife, it vests, on the death of the person from whose property it was selected, in the survivor for life, and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter."

The conditions referred to as being such as would subject the homestead to sale are doubtless those mentioned in sec-

tion three of the act, and which are limited to mechanics', laborers', or vendors' liens on the property. There being no vendors' liens in this state, it is clear that the property in dispute does not come within the exceptions named in section three. It will be seen that by this section it is provided that the homestead, upon the death of the person from whose property it was selected, vests in the survivor for life, and afterward in his or her heirs forever. There is no limitation contained in the section which causes the title so vested to depend upon occupancy, nor is there any requirement that the property should retain its homestead character. During the life of the owner of the fee the exempt character of the property was made to depend upon its occupation as a homestead. But upon his or her death a new title is created which vests in the survivor for life unconditionally; and it is expressly provided that the property is not subject to the payment of any debts or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of such husband or wife's death. The propriety of this sweeping language in the enactment is not for us to consider; it is sufficient to know that it is there. It has been the universal holding of this, as well as substantially all other courts in the union, that homestead laws, being remedial in their character, should receive a liberal construction; at least, that the language used by the legislature should not be restricted by judicial interpretation. (*Tipton v. Martin*, 12 Pac. Rep., 245 [71 Cal., 325]; *Johnson v. Gaylord*, 41 Ia., 362; *Bradshaw v. Hurst*, 11 N. W. Rep., 672 [57 Ia., 745]; *Estate of Orr*, 29 Cal., 101 ; *Estate of Busse*, 35 Id.; 310; *Schadt v. Heppe*, 45 Id., 433; *Graham v. Stewart*, 9 Pac. Rep., 556 [68 Cal., 374]. .

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.