ALFRED S. COOLEY, ADMINISTRATOR, APPELLEE, V.
A. W. JANSEN ET AL., APPELLANTS.

FILED MARCH 3, 1898.    No. 7910.

1. **Homestead:** DESCENT. The title to lands of which a man dies
seized, which he has not devised and which during his life and at
the time of his death was the homestead of himself and family,
vests in the widow for life, and remainder in the heirs, exempt
from any liability for the payment of debts existing against either
the husband or wife at the time of his death except such as exist
or have been created of the kinds and in the manner prescribed
in the chapter of the statutes relative to homesteads; and this is
true whether she, after the death of the husband, occupies the
property as a homestead or not.

2. **Executors and Administrators:** HOMESTEAD. The right of an ad-
ministrator to possession of the real estate of which his decedent
died seized arises from its being subject to payment of debts of
the decedent and is not of force relative to a homestead.

APPEAL from the district court of Cass county.    Heard
below before CHAPMAN, J.    *Reversed.*

*Daniel F. Osgood,* for appellants.

*Byron Clark* and *E. H. Wooley, contra.*

HARRISON, C. J.

It appears herein that on or about February 2, 1892,
Solomon Ward, who was then a resident of Cass county,
died seized of the east half of the southwest quarter of
section 20, township 11 north, of range 9, and in said
Cass county, and on which he with his wife was at the
time of his death living as his home and homestead; that
he did not devise the same; that he left surviving him a
widow and several children.    They had executed and
delivered to one of the parties in this action a lease of
the land described, and he had sublet it to a person, who
is also of the parties to the suit.    Administration of the
estate of the deceased was granted by the county court
to the appellee herein.    The administrator claimed to

7

have taken possession of the farm and leased it, and to maintain the right of his lessee to the possession and occupancy of the farm he instituted this action in the district court of Cass county, praying in his petition that the rights of the widow and heirs of the decedent in the land be decreed subject to the rights of creditors of the deceased, and that the party to whom their lessee had sublet the premises might be restrained from interfering with the possession and occupancy of the lessee of the administrator and from committing waste on the land. An injunction was granted, and in the decree made perpetual against some of the appellants.

During the trial it was stipulated of record that the land was the homestead of Solomon Ward and his wife, and was occupied by them as a homestead at the time of his death; that it was then incumbered or mortgaged in the aggregate sum of $2,625, and it was admitted that it was worth not to exceed $3,200. It is of the claim of appellee that if the land was a homestead, its occupancy has been abandoned by the widow, and it has in consequence thereof lost its homestead character. The right of the administrator to possession of the land of his decedent is by reason of its being subject to the payment of the debts of the deceased, and unless it is so subject, the reason for his being accorded the right of possession and control of it during the administration has no existence. It is provided in section 17, chapter 36, Compiled Statutes: "If the homestead was selected from the separate property of either husband or wife, it vests, on the death of the person from whose property it was selected, in the survivor for life and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same except the life estate of the survivor by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this

chapter." In the case of *Durland v. Seiler*, 27 Neb. 33, it appeared that an application was made by an administrator of an estate for license to sell real estate which his decedent owned at his death, for the payment of debts of the deceased, which was opposed by the widow, who by purchase had acquired all rights of the heirs. The ground of the opposition was that the land sought to be sold was at the death of the decedent the homestead of himself and family. It was held: "Where a homestead was selected or severed from the separate property of the husband, and at the time of his death he resided upon it with his family, the title thereto vested in his wife during her life, exempt from the payment of any debt or liability existing against either the husband or wife at the time of the death of the husband, except such as were valid liens as against the husband at the time of his death." The land in suit descended to the wife and heirs shorn of any liability for the debts of the deceased, and the administrator had no right of possession or other right thereto or therein, and could not make an effective lease of it; hence could not maintain this suit. It follows that the decree of the district court must be reversed, the injunction dissolved, and the action dismissed.

JUDGMENT ACCORDINGLY.