CARROLL LEWIS, ADMINISTRATOR, APPELLEE, V. CHARLES FORREST MCADAMS, APPELLANT.*

FILED JULY 12, 1935. No. 29409.

*William Niklaus* and *John E. Mockett,* for appellant.

*William G. Rutledge, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and MESSMORE and RYAN, District Judges.

MESSMORE, District Judge.

This is an appeal from the district court for Nemaha county, wherein that court found as a matter of law that certain real property was not exempt as a homestead from sale by the administrator for the payments of debts of the deceased and costs of administration and ordered the real estate sold.

The pertinent facts, briefly stated, are as follows: The administrator of the estate of Florence N. McAdams made application to the district court for Nemaha county for the sale of certain real estate belonging to said estate, including lots 8 and 9, block 143, original town of Peru, for the purpose of paying debts of said estate and costs of administration; that Charles Forrest McAdams, appellant herein, an adult son of deceased, claimed a homestead interest in said described lots; that the real estate in question was formerly owned by Otis F. McAdams, father of appellant, and occupied by him and the said Florence N. McAdams, his wife, until his death; that the title to said real estate descended by devise under the will of the said

*Opinion vacated. See 130 Neb. ———.

Otis F. McAdams to the said Florence N. McAdams, who continued to occupy the same as a homestead until her death.

The record discloses that the total indebtedness was about $4,000, consisting of claims allowed in the county court, claims filed but unadjusted, and for costs of administration, and that the personal assets of the estate in the sum of $110 had been reduced to possession by the administrator.

Appellant contends that the cases of *Judson v. Creighton,* 88 Neb. 37, and *In re Estate of Freling,* 119 Neb. 605, are decisive of this case.

In *Judson v. Creighton, supra,* this court held: "Where a homestead is selected during the lifetime of both husband and wife, and after the death of one the survivor resides upon the premises during his or her life, the real estate is not subject to sale for the satisfaction of the debts of either, which are not a lien thereon, nor to pay the costs of administering the estate of such survivor; but, if the title holding spouse dies intestate, the title descends to his or her heirs, whether direct or collateral, exempt from such debts."

This case interprets section 3272, Comp. St. 1901, which reads as follows: "If the homestead was selected from the separate property of either husband or wife it vests, on the death of the person from whose property it was selected, in the survivor for life and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same except the life estate of the survivor by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter."

The only distinction between that section of the 1901 statute, just quoted, and section 40-117, Comp. St. 1929, relating to the same subject-matter is that, where the

section of the 1901 statute read "in his or her heirs forever," the latter section uses the words "in decedent's heirs forever."

Section 40-117, Comp. St. 1929, provides further: "That in case the surviving spouse wilfully fails to provide a suitable home and maintenance for the minor children of the deceased during their minority or elects to partition the homestead premises, the homestead right of the survivor shall then terminate and the homestead premises shall then descend as other real property of which the deceased died seized." This provision of the statute applies to the use of the homestead as a protection for the minor children, or in the event of an election to partition the homestead, and consequently does not apply in the instant case.

In *In re Estate of Freling, supra,* an interpretation was made of section 2832, Comp. St. 1922, which is identical with section 40-117, Comp. St. 1929. In this case the case of *Judson v. Creighton, supra,* is cited with approval. Lizzie Freling inherited an undivided one-half interest in a lot in an addition to the city of Omaha of the value of $1,700 from her husband, and later died, devising her interest in said lot by will to an adopted son. At her death she owed certain debts, funeral expenses, etc., and it was sought to have the property sold to satisfy such debts. This court held that the undivided fee simple interest in said lot owned by her at the date of her death was exempt from sale by the executor or by a creditor of the estate to satisfy the expenses of funeral and burial of the deceased.

In *Brichacek v. Brichacek,* 75 Neb. 417, this court held, citing the provisions of the statute then in force: "A homestead, which was the separate property of the wife, at her death, vests in her surviving husband for life, and the wife has no power to limit or dispose of the life estate of the survivor by will." This holding sustains the proposition, not directly but surely in point, that by virtue of the existing law relative to homesteads and the right of Florence N. McAdams as the surviving spouse to the homestead interest, Otis F. McAdams, giving his wife the fee simple

title to the premises in question by will, did not have the power to dispose of his wife's estate in the property by such will and therefore could not divest her of her statutory homestead right. In other words, Otis F. McAdams could not repeal the provisions of the statute by his will. Should he have left the real estate in question to some other person or persons by his will than his wife, it could not be said that she did not have the right to hold said real estate as a homestead. Therefore, from this reasoning, the fact that she received the real estate by the will of her husband is no different than had he made no will as far as the homestead is concerned. *In re Estate of Guthrie,* 183 Ia. 851.

Appellee contends that the value of said lots 8 and 9, block 143, original town of Peru, is $3,000. Under section 40-101, Comp. St. 1929, defining the homestead and exemptions, we believe appellant is entitled to an exemption not exceeding $2,000 in value as a homestead interest in said lots.

The decree of the district court should be and is reversed and the cause remanded, with instructions to enter a decree preserving to appellant, Charles Forrest McAdams, his homestead interest in said lots not exceeding in value the sum of $2,000.

REVERSED.