CARROLL LEWIS, ADMINISTRATOR, APPELLEE, V. CHARLES FORREST MCADAMS, APPELLANT.

FILED DECEMBER 6, 1935. No. 29409.

*William Niklaus* and *John E. Mockett,* for appellant.

*William G. Rutledge, F. C. Radke* and *Clarence G. Miles,* contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY and CARTER, JJ., and MUNDAY, District Judge.

CARTER, J.

This is an appeal from an order of the district court for Nemaha county granting a license to Carroll Lewis, as administrator of the estate of Florence N. McAdams, deceased, to sell certain real estate for the payment of debts of the deceased and the costs of the administration of her estate, which said realty was claimed to be exempt from the payment thereof under the provisions of the homestead law. From the adverse order thus entered, Charles Forrest McAdams brings the case to this court on appeal.

The record in this case shows that Otis F. McAdams died testate on November 13, 1917, leaving surviving his widow, Florence N. McAdams, and an adult son, Charles Forrest McAdams. On and prior to his death, Otis F. McAdams and Florence N. McAdams, his wife, occupied the premises involved in this suit as a homestead. Under the terms of the will of Otis F. McAdams, Florence N. McAdams was devised the fee title to the lands in controversy, which she occupied until her death on December 22, 1931. The administrator of her estate thereupon made application for license to sell the property to pay debts of Florence N. McAdams, incurred subsequent to her husband's death, and for the payment of the costs of the administration of

her estate. Charles Forrest McAdams, the only heir of Florence N. McAdams, filed his answer claiming the property in question to be exempt under the homestead law from the payment of these obligations. The trial court found that there was no homestead right remaining and ordered the property sold. The question for determination is the correctness of the ruling by the trial court.

That homestead rights are the creatures of legislative enactment and wholly unknown to the common law cannot be successfully disputed. While it is the rule that homestead statutes should be liberally construed to effect their benevolent purposes, the court should not by interpretation unduly extend their scope for the benefit of persons not expressly or by fair implication included in the list of their beneficiaries. We must therefore determine the correctness of the decision in the suit at bar from the homestead statute together with the interpretations that this court has put upon its provisions.

The homestead law of this state, in so far as it is applicable to this case, is as follows: "If the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected, in the survivor, for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them previous to or at the time of the death of such husband or wife." Comp. St. 1929, sec. 40-117.

It was clearly the intention of the legislature in enacting the homestead law to protect the home of the survivor during his or her lifetime. The homestead interest of the surviving spouse in the homestead of the deceased title-owning spouse is a life estate only. Under the statute, the remainder descends by will or by inheritance free from the debts of the deceased title-owning spouse and the debts of the surviving spouse that were contracted prior to the

death of the title-owning spouse. Such was the holding of this court in *First Nat. Bank of Greenwood v. Reece,* 64 Neb. 292, 89 N. W. 804, wherein it is said: "The statute, in clear and express terms, provides that the surviving husband or wife shall continue to enjoy the benefit of the homestead exemption in cases where the title to the property stands in the name of the deceased spouse. Where the husband, being the owner of the fee of the homestead, dies, the statute is plain that the surviving wife is vested with a life estate therein, free and clear of all debts contracted by herself or her deceased husband prior to or at the time of his death, and it is equally plain that if the fee of the homestead is in the wife, and the husband survive her, he is vested with a life estate, divested of all debts of either contracted prior to her decease." See, also, *Durland v. Seiler,* 27 Neb. 33, 42 N. W. 741; *Cooley v. Jansen,* 54 Neb. 33, 74 N. W. 391. We conclude, therefore, that Florence N. McAdams became the owner of the life estate in the homestead property, under the provisions of the homestead act, and the title owner of the remainder by will, free from the debts of her husband and free from her own debts contracted prior to her husband's death. There is no provision in the homestead law that can be construed as exempting the homestead property from the debts of the survivor after the survivor's death, which were incurred subsequent to the death of the title-owning spouse. Florence N. McAdams, at her death, left surviving one adult son, who was of age at the time of his father's death. It is apparent therefore that Florence N. McAdams was not the head of a family after her husband's death and did not therefore have a homestead in her own right. The only homestead interest that she obtained from her deceased husband was a life estate. This, of course, terminated at her death and necessarily terminated the last vestige of a homestead in the property derived from her husband. She having no homestead interest in her own right, there was no homestead interest remaining. It has always been the rule in this state that the homestead law creates no homestead rights

in the children of a homestead owner, though they are beneficiaries of homestead legislation. *Weddle v. Specht,* 97 Neb. 693, 151 N. W. 160. Charles Forrest McAdams can therefore have no homestead interest of his own in the property. The trial court was right in holding that the homestead interest of Florence N. McAdams terminated at her death and that the property should be sold to pay the costs of administering her estate and her debts that she incurred after the death of Otis F. McAdams.

Appellant contends for a contrary rule and cites the cases of *Judson v. Creighton,* 88 Neb. 37, 128 N. W. 651, and *In re Estate of Freling,* 119 Neb. 605, 230 N. W. 443, in support thereof. In order to show that these two cases are not authority for the contention of the appellant in this case, it will be necessary for us to analyze them with care.

In *Judson v. Creighton, supra,* the opinion says: "The legislature has provided that the homestead shall descend free from all debts contracted by the husband or the wife, so that the heirs take title free from all claims of their decedent's creditors. The property, therefore, was not subject to sale for the satisfaction of DeJay Judson's debts. *Tindall v. Peterson,* 71 Neb. 160, 98 N. W. 688; *Bixby v. Jewell,* 72 Neb. 755, 101 N. W. 1026; *Brandon v. Jensen,* 74 Neb. 569, 104 N. W. 1054; *Holmes v. Mason,* 80 Neb. 448, 114 N. W. 606." This is a correct statement of the law. But, in the first paragraph of the syllabus, the court say: "Where a homestead is selected during the lifetime of both husband and wife, and after the death of one the survivor resides upon the premises during his or her life, the real estate is not subject to sale for the satisfaction of the debts of either, which are not a lien thereon, nor to pay the costs of administering the estate of such survivor; but, if the title-holding spouse dies intestate, the title descends to his or her heirs, whether direct or collateral, exempt from such debts." We submit that the syllabus quoted is broader than the opinion and not warranted by a reasonable construction of the homestead statute. The clause, "nor to pay the costs of administering the estate of such survivor," is

purely *dictum,* not necessary to a decision of that case and not supported by any logical interpretation of the homestead statute. The further statement, "the real estate is not subject to sale for the satisfaction of the debts of either" is not borne out by the statute, unless the words "existing at decedent's death" are added thereto. The confusion undoubtedly arose on the interpretation of the words, "of such husband or wife," appearing at the end of that portion of the homestead law quoted in this opinion. It is not questioned that the life estate and remainder are free from the debts of the decedent and surviving spouse existing at the time of decedent's death. The argument is also made that these words were intended to exempt the homestead property from the debts of the survivor incurred previous to or at the time of the death of the survivor as well. In our judgment this interpretation would require a strained construction of the statute. The words *"such husband or wife"* clearly indicate that only one of the two was meant, the alternative *or* being used to denote the deceased title-owning spouse whether *husband or wife.* (Italics ours.) The contention is made that *Judson v. Creighton, supra,* will have to be overruled if this construction is placed on the statute. We think not. The statements herein complained of in the opinion in *Judson v. Creighton, supra,* on this point are purely *dicta* and were not necessary to a decision. The question at issue in that case was correctly determined by the court on the facts presented, but the rights of the heirs of a surviving spouse in the homestead property were not involved in that case.

In the case of *In re Estate of Freling, supra,* the court cite the following statement from *Judson v. Creighton, supra:* "The real estate is not subject to sale for the satisfaction of the debts of either, which are not a lien thereon, nor to pay the costs of administering the estate of such survivor." As we have pointed out, that part of the opinion in the case of *Judson v. Creighton, supra,* is *dictum* and involved a point not before the court in that case. This case is therefore no better authority for appellant's contention

than is the case of *Judson v. Creighton* itself. The opinion in *In re Estate of Freling, supra,* shows that the surviving spouse had a minor son and could therefore have been the head of a family and entitled to a homestead in her own right. If such was the case, the court arrived at a proper conclusion although its reasoning may not have been supported by the authorities cited.

We conclude therefore that the *dictum* quoted in this opinion from the case of *Judson v. Creighton, supra,* and that part of the opinion in *In re Estate of Freling, supra,* citing the same statements from the opinion of *Judson v. Creighton, supra,* should be and are hereby disaffirmed.

We conclude that the trial court correctly granted the administrator a license to sell the real estate involved herein for the payment of the debts of Florence N. McAdams incurred after the decease of her husband, Otis F. McAdams, and for the costs of administering her estate. Our former opinion, appearing in 129 Neb. 490, 262 N. W. 7, reversing the judgment of the trial court, is vacated and the judgment is

AFFIRMED.

EBERLY, J., dissents.

CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1936