UNITED STATES NATIONAL BANK OF OMAHA, APPELLANT, V. SETH H. SIMONDS, ADMINISTRATOR, APPELLEE.

274 N: W. 187

FILED JUNE 18, 1937.   No. 30018.

*Wills & Wills* and *Morsman & Maxwell*, for appellant.

*A. B. Wallace, contra.*

Heard before ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and HASTINGS and RINE, District Judges.

HASTINGS, District Judge.

Vernon H. Simonds died seised in fee simple of 320 acres of land situated in Boyd county, Nebraska. Seth H. Simonds, as administrator with will annexed of his estate, filed his petition in the district court for Boyd county for a license to sell so much of said 320 acres of land as was not the homestead of the deceased to pay the debts of said estate. The United States National Bank of Omaha, appellant herein, as a creditor of said estate, filed objections to the setting off of any part of said land as a homestead.

The land involved is designated in said cause as Tracts Nos. 1 and 2. License to sell Tract No. 2 was granted. Tract No. 1 was found to be the homestead of the decedent at the time of his death, and of less value than $2,000, and

not subject to be sold to pay his debts. License to sell was denied. Appeal is prosecuted from said finding and judgment by the United States National Bank.

The particular question presented for review on this appeal is whether Tract No. 1, consisting of 160 acres, is exempt from sale as homestead property.

The record discloses that about the year 1895 Vernon H. Simonds, a married man with four children, purchased Tract No. 1. From that time on he and his wife resided thereon as their homestead until the death of Mrs. Simonds about September 17, 1927. At the time of her death Mrs. Simonds left surviving her husband and her sons, Seth H., Merle C., Harry R., and Glen W. Simonds, issue of her marriage with decedent. Before the death of Mrs. Simonds all of the children had left the family home and established homes of their own, except Harry. The decedent never remarried, but continued to reside upon the premises until his death, and during said time Harry and his wife resided with him. After the death of his wife decedent had no dependents living with him. The evidence sustains the finding of the trial judge that the land claimed as a homestead was of less value than $2,000. The claim allowed in favor of appellant arose on indebtedness incurred by deceased after the death of his wife.

It is the contention of counsel for appellant that the deceased, not being the head of a family, as defined by section 40-115, Comp. St. 1929, had no homestead interest in the land involved at the time he became indebted to appellant, and that it descended to his heirs and devisees subject to his debts incurred after the death of his wife. We have held:

"A debtor who has acquired a homestead does not lose his right to the exemption, where he continues to occupy the property as a home, though, by reason of death and the removal of his family, he has no one living with him." *Palmer v. Sawyer*, 74 Neb. 108, 103 N. W. 1088. See, also, *Dorrington v. Myers*, 11 Neb. 388, 9 N. W. 555; *Galligher v. Smiley*, 28 Neb. 189, 44 N. W. 187.

.Again, in *Dougherty v. White,* 112 Neb. 675, 200 N. W. 884, it is held:

"The homestead character of the family home, title to which is in the husband, is not divested because the wife obtains a divorce and, with the children, removes from the home, while the divorced husband alone continues to occupy the property as a homestead."

Under the rule announced in the foregoing cases, where the husband and wife reside upon a homestead selected from the separate property of the husband, and the wife dies, and the husband continues to reside thereon until his death, the homestead character of the land continues in the surviving husband, although he may have no children or other dependents residing with him.

It is provided by section 40-117, Comp. St. 1929:

"If the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected, in the survivor, for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter."

In construing that section in *Lewis v. McAdams,* 130 Neb. 62, 263 N. W. 480, we said:

"It was clearly the intention of the legislature in enacting the homestead law to protect the home of the survivor during his or her lifetime. The homestead interest of the surviving spouse in the homestead of the deceased title-owning spouse is a life estate only. Under the statute, the remainder descends by will or by inheritance free from the debts of the deceased title-owning spouse and the debts of the surviving spouse that were contracted prior to the death of the title-owning spouse." See, also, *First Nat. Bank of Greenwood v. Reece,* 64 Neb. 292, 89 N. W. 804;,

*Durland v. Seiler,* 27 Neb. 33, 42 N. W. 741; *Cooley v. Jansen,* 54 Neb. 33, 74 N. W. 391.

It is argued by counsel that the homestead in this case would have descended to his heirs freed from the payment of any debt or liability contracted or existing at the time of the wife's death if she survived him, but since she predeceased him, and he not being the head of a family thereafter, that it became liable for the payment of debts subsequently incurred by the husband, and on his death descended to his heirs and devisees charged with such debts.

In *Dougherty v. White, supra,* in construing that statute we held:

"If a divorced husband dies possessed of a homestead, which was selected from his separate property, it vests on his death in his heirs or devisees, and is not subject to the payment of any debt or liability contracted by or existing against him previous to or at the time of his death, except such as exists or has been created under the provisions of the homestead law."

In the opinion in that case Judge Good said:

"It would be a strange rule that where the husband died, leaving a wife surviving, she could take the property for her lifetime, and then his heirs would take it, absolutely free from debt, and because he left no spouse surviving, they would be cut off from any right to the homestead. Such is not the intention of the statute."

We hold that where the homestead has been selected from the separate property of the husband, and his wife predeceases him, and he continues to reside on the homestead to the time of his death, it vests on his death in his heirs and devisees, and is not subject to the payment of any debt or liability contracted by or existing against him previous to or at the time of his death, except such as exists or has been created under the provisions of the homestead law.

Counsel for appellant urges that *Palmer v. Sawyer, supra,* and *Dougherty v. White, supra,* should be overruled in so far as the rule announced in each of said decisions is contrary to his contention herein. This we are not disposed to

do, as the rule announced in those cases is in accord with the liberal construction this court has always given the homestead law.

Those cases are not in conflict with the decision in the case of *Lewis v. McAdams, supra,* as claimed by counsel. The surviving wife in that case was not the fee owner of the land selected as a homestead, and only took a life estate in the remainder devised to her by his will free of his or her indebtedness existing at the time. Neither is said decision in conflict with the conclusion reached in this case.

It follows from what has been said that the judgment appealed from is right and is

AFFIRMED.