RAYMOND A. GORDON, APPELLEE, V. ODA GORDON ET AL., APPELLANTS.

299 N. W. 515

FILED AUGUST 1, 1941. No. 31130.

*Field, Ricketts & Ricketts* and *Sterling F. Mutz,* for appellants.

*Mockett & Finkelstein, contra.*

Heard before SIMMONS, C. J., ROSE, ERERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This is an action filed by Raymond A. Gordon, the only surviving child of Harry A. Gordon, deceased, to quiet in the plaintiff the remainder-fee title to certain real estate in which deceased had a homestead interest, which he claimed could not be sold to pay debts of the estate. Plaintiff admits, however, that his interest is subject to the life estate of the widow. Decree for the plaintiff, and defendants appeal.

The decree finds that the plaintiff, Raymond A. Gordon, is the son of Harry A. Gordon, who died testate June 10, 1932, in Lincoln, leaving as his only heirs said plaintiff, who was a son by a prior marriage, and his widow, Oda Gordon.

At the time of his death, Harry A. Gordon and Oda Gordon, his wife, lived upon certain fractional lots in block 30 in Dawson's addition to South Lincoln, which property was the homestead of said Harry A. Gordon, and the fee title thereof stood in his name. The value of such homestead was less than $2,000.

On March 17, 1936, the widow, Oda Gordon, filed a petition to probate said estate. The will being duly allowed,

she was appointed executrix, and filed her bond. Said will devised the fee title in said homestead property to plaintiff, and a life estate to the widow.

Thereupon, the widow filed a notice, wherein she attempted to renounce the provision made for her in the will, and to elect to take her share of the estate under the statutes of Nebraska.

The answer admits the facts alleged in paragraphs 1 to 7 of the plaintiff's petition, and the fifth paragraph of the petition sets out that on December 3, 1936, the executrix filed an application for a license to sell the real estate to pay debts, one of the bills being for the funeral expenses in the sum of $330, and another bill was $175 for the widow's allowance in the sum of $25 a month. She alleged in her petition that her life estate therein was free from the debts and costs of administration, but that the remainder interest therein of the plaintiff was subject to the above indebtedness, together with court costs, fee of executrix, and attorney fees. She alleged the personal property was worth less than $200, and that it was all exempt.

An order to show cause was duly issued, and publication made thereof, and license to sell granted, and the property sold March 5, 1937, for $1,010, the bid being assigned to Robert S. Stauffer, a defendant herein, to whom the property was duly conveyed by deed of the executrix.

On July 15, 1937, said Stauffer gave a mortgage for $700 upon said property to the Nebraska Central Building & Loan Association, a defendant herein.

The plaintiff charges that the purported election of the widow to take under the statute instead of under the will was not in strict accordance with the statutory provisions as found in sections 30-107 and 30-108, Comp. St. 1929. This court said in *Billiter v. Parriott*, 128 Neb. 238, 258 N. W. 395, that the right of election is purely statutory, and the manner prescribed of exercising that right is a condition upon which the right rests. The trial court found that the election was not in conformity with the statute, and was void. The defendants in their brief state that they

have no quarrel with this ruling, and admit that whatever title the widow took was derived solely from the will.

The errors charged in the appeal in this case are founded upon these propositions of law advanced by the defendants: (1) The homestead of the deceased is purely a creature of statute, and vests a right in the widow which is under her exclusive control, and does not vest a homestead right in the children of the deceased; (2) the widow who has a homestead interest in real estate has a right to terminate the entire homestead right, by abandonment, election to partition, or other appropriate waiver; this may be done without the consent of the children; (3) if the son claims under the will, he takes title subject to the conditions precedent to the vesting of title in him, such as a provision that the decedent's debts shall be first paid.

We will first examine with some care section 40-117, Comp. St. 1929, which reads as follows: "If the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected, in the survivor, for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter."

We find that Shepard's Citators show that this statute has been cited in more than 34 opinions of this court, and referred to some 19 times in discussions in the Nebraska Law Bulletin.

In *Lewis v. McAdams*, 130 Neb. 62, 263 N. W. 480, it is said: "It is not questioned that the life estate and remainder are free from the debts of the decedent and surviving spouse existing at the time of decedent's death." "Under the statute, the remainder descends by will or by inheritance free from the debts of the deceased title-owning

spouse and the debts of the surviving spouse that were contracted prior to the death of the title-owning spouse."

To the same effect is the holding in *United States Nat. Bank v. Simonds*, 133 Neb. 42, 274 N. W. 187, wherein it holds that the homestead vests on the testator's death in the heirs and devisees, and is not subject to the payment of any debt contracted by, or existing against, testator at the time of his death.

In discussing this question, Dean Foster, in 3 Neb. Law Bulletin, 386, said: "On the death of the homestead owner the right to the use and enjoyment of the premises passes to the surviving spouse. In many states, this is the extent of the right of such survivor under the homestead acts. The Nebraska statute and the Nebraska decisions go much further. The interest of the surviving spouse is transferable. It may be mortgaged or conveyed. It is not lost by an abandonment of the premises or by a change in the character of the use of the premises or by the remarriage of the spouse. In short, this interest is a life estate in the land. In being a freehold estate, the right of such surviving spouse differs from and transcends all other homestead rights heretofore dealt with."

We have a somewhat similar case in *Abboud v. Boock*, 137 Neb. 652, 290 N. W. 713. A license was granted to sell real estate to pay legacies. The surviving husband objected to granting a license to sell that portion in which he claimed a homestead right. This court held that the trial court erred in granting the license to sell the real estate.

Applying these decisions to the case at bar, the father owned this property in fee, with no debts outstanding, and occupied it with his wife as their homestead. Upon the death of Harry A. Gordon, the widow was given a life estate by the will, and the plaintiff, a son by the first marriage, was vested with a fee title, subject to the life estate. This remainder-fee of Raymond A. Gordon was not subject to be sold for the debts of the estate existing against the husband previous to his death.

Now, on the other hand, the defendants insist that the will itself directs that the debts and costs of administration shall be paid, and that section 30-231, Comp. St. 1929, reads: "If the testator shall make provision by his will, or designate the estate to be appropriated for the payment of his debts, the expenses of administration, or family expenses, they shall be paid according to the provisions of the will, and out of the estate thus appropriated, or so far as the same may be sufficient."

It is true that in the will, which is exhibit No. 1, on page 19 of the bill of exceptions, we find: "Item one (1) I hereby direct that all my just debts; the expenses of my last sickness and burial, and the expenses of administering my estate be first paid."

The plaintiff contends that this is but one of the usual superfluous clauses contained in wills, for the statute provides for the payment of costs and expenses; that the testator may, in addition, by clear and unequivocal statements, impress a lien to pay such debts, but that in the case at bar there is no language which under the statute impresses any lien on this homestead to pay debts, funeral expenses, or expenses of administering the estate.

A very similar provision was found in the will in *Luckenbill v. Bates,* 220 Ia. 871, 263 N. W. 811, 103 A. L. R. 252, but the Iowa court held: "A general direction in a will to the executors to pay all just debts, together with expenses of burial and administration, does not have the effect to subject to the claims of creditors of the decedent property exempt as a homestead to decedent and his descendants." (103 A. L. R. 252.)

"By provision in his will the individual may charge his homestead property with the payment of debts. However, an intention to charge debts upon the land is not derivable from a general direction in the will that the testator's debts be paid. Nor will the use of merely formal phrases make a devise of homestead property subject to the payment of debts. To do this, the language employed in the will must be unequivocal and imperative." 26 Am. Jur. 104, sec. 164.

See, also, annotations, 103 A. L. R. 259, and 44 L. R. A. n. s. 1177.

In the next place, let us consider the widow's allowance of $25 a month, amounting to $175.

"The allowance made by the probate court under the Nebraska probate code to the widow and minor children of a deceased husband is a debt against the estate which cannot be satisfied or made out of the homestead left by the deceased. Even although the homestead is the only property left by the deceased, it cannot be sold to furnish the allowance." Dean Foster, 3 Neb. Law Bulletin, 401. See *In re Hadsall*, 82 Neb. 587, 118 N. W. 331, citing Thompson, Homestead and Exemptions, sec. 546, which says: "The authority of the probate court over it (the homestead) is limited to segregating it from that part of the decedent's estate which is subject to administration. When that is done, its jurisdiction ceases." See *Cooley v. Jansen*, 54 Neb. 33, 74 N. W. 391.

"Several opinions of this court assist us in the disposition of the case. 'The law is settled that, where a husband and wife reside upon a homestead and the wife dies, the homestead character of the land continues and the surviving husband, although he may have no children or dependents residing with him, may still retain the homestead as such.' *Dougherty v. White*, 112 Neb. 675, 200 N. W. 884." *Abboud v. Boock, supra.*

The effect of a license to sell a homestead of less than $2,000 was fully discussed by Commissioner Oldham, concurred in by Commissioners Ames and Letton, in the case of *Bixby v. Jewell*, 72 Neb. 755, 101 N. W. 1026, wherein the court stated: "A homestead of less value than $2,000 cannot be disposed of at administrator's sale either for the discharge of incumbrances thereon or for payment of debts against the estate of the decedent, and a license granted by the district court purporting to authorize such a sale is absolutely void."

In the case at bar, the father of the plaintiff had a homestead interest in this property, but the plaintiff is not

claiming the property as a homestead, but claims it as a new estate in him under the law of Nebraska. In a similar case our court said: "Under our statute, when the holder of the legal title of the homestead dies, the law creates new estates, a life estate in his widow and an estate in remainder in his children and heirs. It is immaterial whether the widow and children continue to occupy the premises. Their estates do not depend upon the occupancy thereof after the death of the holder of the legal title, but vest in them absolutely on his death." *Naiman v. Bohlmeyer,* 97 Neb. 551, 150 N. W. 829.

The plaintiff is entitled to the remainder-fee title, clear of debts against the estate, and clear of any claims filed against the estate of his father.

In the case of *Bartels v. Seefus,* 132 Neb. 841, 273 N. W. 485, our court stated in an opinion prepared by Judge Carter: "In *Shearon v. Goff,* 95 Neb. 417, 145 N. W. 855, we said: 'During the life of the owner of the fee of a homestead the exempt character of the property depends upon its occupancy as a homestead; but upon the death of the fee-holding spouse a new title is created which vests, *eo instante,* in the survivor for life, individually and unconditionally, free from the right of the children of either spouse to a division of the income therefrom.' "

While these questions are difficult, and expression in some opinions may not be as clear-cut as it should be, we have reached the conclusion that the first paragraph in the will, giving a general direction to pay his debts, did not place a lien upon the homestead for the payment of debts against the estate of Harry A. Gordon.

There appear to be but two claims set out by the executrix in her petition for license to sell the homestead to pay debts—first, her widow's allowance, and second, the funeral bill. Such debts are not enforceable against the homestead.

We have carefully examined several cases relied upon by the defendants. A number of their cases we have cited from in the opinion, and others, such as *Brownell v. Stoddard,* 42 Neb. 177, 60 N. W. 380, *Godman v. Converse,* 43

Neb. 463, 61 N. W. 756, *Weddle v. Specht,* 97 Neb. 693, 151 N. W. 160, *In re Estate of Combs,* 117 Neb. 257, 220 N. W. 269, *McManus v. Farrell,* 130 Neb. 69, 264 N. W. 144, and *Lehman v. Wagner,* 136 Neb. 131, 285 N. W. 124, we found were not applicable to the facts in the case at bar.

In the decree of the trial court, Judge Shepherd found that the real estate was a homestead of less value than $2,000, and that it was not subject to the payment of any debts of the estate of the deceased, nor subject to the payment of the costs of administration, nor yet for the payment of the widow's allowance; that the sale under license to sell to pay debts is null and void, and that the mortgage given the building and loan association is null and void as to the fee title interest of the plaintiff, and, finally, that the fee title is quieted in plaintiff, subject only to the life estate of the widow.

We have reached the conclusion that no prejudicial errors have been pointed out, and that the decree of the trial court is right, and it is

AFFIRMED.

SIMMONS, C. J., and YEAGER, J., concur in the result.