JOHN D. STOCKER, ADMINISTRATOR, APPELLEE, V. BEATRICE DICKSON HILGER, APPELLANT: GERALD A. HILGER ET AL., APPELLEES, VOSS WALLPAPER COMPANY ET AL., INTERVENERS, APPELLEES.

13 N. W. 2d 106

FILED FEBRUARY 4, 1944. No. 31644.

*Thomas E. Dunbar,* for appellant.

*Tyler & Frerichs, Lloyd E. Peterson* and *Landis & Landis, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

The administrator of the estate of Clark Dickson, deceased, brought this action to set aside a deed, given by him to his daughter (appellant), and to subject the interest conveyed by the deed to the payment of indebtedness incurred by him after the death of his wife, and to require an accounting for the value of the use of the real estate since his death for rents paid and received for the use and occupancy thereof. Creditors intervened and set up their claims. The issues presented may be determined from the facts as here set out.

Lucille Dickson and her husband, Clark Dickson, acquired lot 12, block 74, Nebraska City, Nebraska, as tenants in

common. On April 25, 1923, Lucille Dickson died intestate, leaving as her sole and only heirs at law her husband and daughter, Beatrice Dickson, now Hilger. The husband inherited the one-half interest of the half interest in the fee owned by the wife, which gave him three-fourths interest in the fee title. The remainder, a fourth interest, went to the daughter. It is undisputed that after the death of the wife and mother the father and daughter continued to occupy the real estate as a home. The father died March 8, 1941. Thereafter the daughter, then unmarried, occupied the real estate for a period of time, subsequently removing to the state of California. She is the sole and only heir of Clark Dickson, deceased.

On January 23, 1941, Clark Dickson, a widower, by warranty deed conveyed the real estate involved to his daughter for the purpose of perfecting the title to the premises in the grantee. The consideration was "$1.00, love and affection." At the same time a bill of sale of the fixtures and stock of merchandise in the wallpaper and paint store was executed by Dickson for the benefit of the daughter. From the record it is apparent that this personal property was converted into cash by the administrator.

A letter written by the appellant to the intervener, Voss Wallpaper Company, dated February 21, 1941, appearing in the record, has been examined and taken into consideration. The record also discloses an expenditure of $313 by appellant for repairs and remodeling and collection of rents by her until the clerk of the court was appointed receiver.

The court decreed that in addition to the undivided one-fourth interest in the real estate owned by Beatrice Dickson Hilger she was entitled to a 1,000-dollar exemption on account of the homestead character of the property, and to a refund of three-fourths of disbursements made by her for repairs and improvements, and that the appellees were entitled to one-half share of the rents collected by appellant from the real estate and collected by the receiver, less the expenses.

The appellant contends that her father's interest in the

real estate descends to her, clear of debts or the right of possession, in the amount of $2,000, instead of $1,000 as decreed by the court.

It is clear from the record that the homestead was selected from the separate property of the husband and wife and that the husband, at the time, was the head of a family, within the meaning of the homestead law. The daughter was 18 years of age at the time of the death of her mother. The father continued to occupy the real estate as his home, and his daughter kept house for him, taking care of the premises and assisting him in his business until his death.

Section 40-117, Comp. St. 1929, provides in part: "If the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected, in the survivor, for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter: * * * ."

Under the provisions of the homestead act, a homestead is exempted in the amount of $2,000. It is therefore clear, under the provisions of section 40-117, *supra,* that appellant's contention, heretofore stated, is correct.

This court in *United States Nat. Bank v. Simonds,* 133 Neb. 42, 274 N. W. 187, held: "Where a husband is the fee owner of land from which a homestead has been selected, and his wife predeceases him, and he continues to reside thereon to the time of his death, it vests on his death in his heirs and devisees, and is not subject to the payment of any debt or liability contracted by or existing against him previous to or at the time of his death, except such as exists or had been created under the provisions of the homestead law." We are unable to find any decision of this court prorating the amount of homestead exemption, as defined in

the homestead law, between the respective fee title interests, as decreed by the trial court.

*United States Nat. Bank v. Simonds, supra,* is similar in fact to the instant case. Simonds at the time of his death owned 320 acres of land; the bank was a creditor of the estate. Tract one was set aside as a homestead of less value than $2,000 and not subject to sale to pay debts. When this tract was purchased Simonds was a married man, with four children. He and his wife resided on such tract of land until her death in September, 1927. She left surviving her husband and four sons. All of the children had left home except an adult son, Harry, who continued to live with his father on the same tract of land until the father's death. After the death of the wife Simonds had no dependents living with him.

*United States Nat. Bank v. Simonds, supra,* and the instant case are not in conflict with the case of *Lewis v. Mc-Adams,* 130 Neb. 62, 263 N. W. 480. In the latter case the surviving wife was not the fee owner of the land selected as a homestead, and took a life interest in the remainder devised to her by will, free of the debts of the husband (testator) and her debts, existing at the time. There was an adult son at the time the husband and father died. It is apparent that in the *Lewis* case the wife and mother was not the head of a family after her husband's death and did not, therefore, have a homestead interest in her own right.

Respecting the rents, the appellant is entitled to one-fourth thereof absolutely, as the owner of one-fourth of the fee title. Her interest in the remaining three-fourths of the fee is, as heretofore stated, in the amount of $2,000, free from debts contracted by her father in his lifetime. Therefore, she is entitled to the *pro rata* share of the rent in the ratio that such 2,000-dollar interest bears to the value of the three-fourths fee interest, subject to the payment of taxes, for the reason the debts of the estate will absorb the excess. The record discloses that the appellant expended $313 for repairs and improvements. There is no evidence

as to the reasonable value of such improvements, but it is undenied that such amount was expended. One-fourth of this amount was expended on that part of the fee title owned by appellant. She should be reimbursed in three-fourths of the amount so expended as decreed by the trial court.

This court has held in numerous cases that a homestead of less value than $2,000 cannot be disposed of at an administrator's sale for the payment of debts against the estate of decedent, and a license granted by the district court, purporting to authorize such sale, is absolutely void; further, that the homestead of a debtor to the extent of $2,000 is not the subject of fraudulent alienation. See Gordon v. Gordon, 140 Neb. 400, 299 N. W. 515, and cases cited; Scheel v. Lackner, 4 Neb. (Unof.) 221, 93 N. W. 741. However, if above any valid encumbrance thereon there be a surplus in excess of the sum of $2,000 within the homestead limits, a conveyance of such surplus can be set aside when made in fraud of creditors.

We hold that, under the circumstances of this case, the deed should be set aside and the property sold at an administrator's sale in the event the value of the three-fourths fee interest, of which the father died seised, exceeds $2,000, constituting the homestead exemption, to which amount the appellant is entitled, free from debts of the father.

Certain creditors, as interveners in the action, filed application for the appointment of a receiver, to which there were objections. There was a stipulation between the parties for the clerk of the district court to collect rents, with a reservation by the appellant that the stipulation was made without prejudice to the contention of the parties in reference to the issues concerning the appointment of a receiver, and reserving exceptions to the decision of the court to appoint a receiver.

The request for the appointment of a receiver is addressed to the sound discretion of the trial court, and its ruling thereon will not be reversed, on appeal, unless an abuse of discretion is shown.

The cause is remanded to the district court to enter judgment in conformity with the opinion.

REVERSED, WITH DIRECTIONS.