W. W. WOOD ET AL., APPELLEES, V. D. F. CARTER ET AL.,
APPELLANTS.

FILED JANUARY 8, 1903.  No. 12,432.

Commissioner's opinion, Department No. 3.

1. **Chose in Action:** RIGHT OF ACTION: ASSIGNMENT. The right **of** action preserved by section 27 of the Code is assignable, together with the judgment therein mentioned, in like manner and with like effect as other choses in action.

2. ——: ——: ——: NECESSARY PARTY. An assignor of a chose in action is not a necessary party to an action upon it by the assignee.

3. **Joint and Several Liability:** SUMMONS. When one of two or more parties jointly and severally liable for the same debt, has been duly served with summons in one county in this state, a summons may be issued to and served in another county upon another party also so liable.

4. **Partnership Debt:** LIABILITY. Partners are jointly and severally liable for partnership debts.

5. **Res Judicata.** Matters once litigated and determined, will not be re-examined in a subsequent action between the same parties.

APPEAL from the district court for Sheridan county. Bill in chancery under section 27, Code of Civil Procedure. Heard below before WESTOVER, J. Judgment in favor of plaintiffs, Wood and another. *Affirmed.*

*L. K. Alder,* for appellants.

*C. Patterson* and *W. W. Wood,* for themselves.

AMES, C.

Abner D. Gallop bought some sheep from, as he alleged, a copartnership of Carter & Finney, composed of B. F. Carter and James B. Finney. He sued the firm and recovered a judgment for $800 for misrepresentation in the sale. W. W. Wood and C. Patterson, the appellees in this case, were attorneys for the plaintiff in that action and perfected liens on the judgment in the sum of $500 for

Syllabus by court; catch-words by editor.

their services. It was contended, as a defense in that suit, that the purchase was not made from the firm, but from Finney, in his individual capacity; but the court and jury found otherwise and no appeal was taken from their judgment. On account of the purchase Gallop had executed his note to Finney for the sum of $1,725. After the recovery of the judgment, Finney prosecuted an action against Gallop upon the note, alleging that he (Finney) was a member of the partnership and that Carter and Gallop were both insolvent, so that the plaintiff alone was responsible for the payment of the judgment, and praying that its amount should be set off against whatever judgment he would otherwise be entitled to recover on the note. To this action Wood and Patterson were made parties by intervention, and they asserted their attorney's lien thereon. Upon the trial the court upheld the attorney's lien as valid, and as superior to Finney's right of set-off, applied the residue of the judgment, $312.18, on the amount due on the note and rendered judgment against Gallop for a balance of $1,262.30. That judgment was affirmed by this court by a decision rendered at the last term and published in 2 Nebr. [Unof.], 480. That decision is conclusive upon the rights of the parties in the particulars: First, that Finney was a member of the corporation of Carter & Finney, and is individually responsible for the judgment recovered against it by Gallop; and second, that Wood and Patterson were the owners of the judgment, to the extent of their attorney's lien, free from any right of set-off in favor of Finney. This action was begun by Wood and Patterson in equity in the district court for Sheridan county to recover from Carter and Finney, as being individually liable, as former partners, for the amount due to the plaintiffs by reason of the foregoing premises. Carter was served with summons in that county but Finney was served in Brown county, where he then resided. Finney objected both by motion and answer to the jurisdiction of the court over him, on account of the service having been made out of the county in which the ac-

tion was brought. The objection was properly overruled. Partners are jointly as well as severally liable for partnership debts. Parsons, Partnership [4th ed.], sec. 249; *Stout v. Baker*, 32 Kan., 113. The action was, therefore, rightfully brought in Sheridan county, where one of the parties, properly a defendant thereto, was served with process, and this fact conferred the right to serve a summons therein on another person, also a proper defendant, in another county. *Miller v. Meeker*, 54 Nebr., 452; *Nebraska Mutual Hail Ins. Co. v. Meyers*, 66 Nebr., 657.

It was further objected that this action is brought under the authority of section 27 of the Code of Civil Procedure, and that that section confers the right upon the plaintiff in the former action alone and does not entitle the plaintiffs in this action to sue. Probably the plaintiffs are not obliged to look to that provision for a right to enforce a claim of which they have become the sole owners; but if they are, we think that the right of action conferred by that section, together with the judgment against the partnership, is assignable under the statute, like other choses in action. It was still further objected that Gallop, the original judgment creditor, is a necessary party to this suit, either as plaintiff or as defendant; but this contention can not be upheld, because, if for no other reason, his rights were extinguished by the judgment in Finney against Gallop, to which action all the parties to this suit were also parties.

Finally, it is insisted that the judgment in favor of the plaintiffs in this suit is not in proper form and is therefore not enforcible. If that were true, it would do the appellants no harm and furnish them no ground of complaint. We think, however, that although somewhat informal, it is sufficient. It finds the essential facts in favor of the plaintiffs and adjudges the liability of the defendants for the collection of the amount. This suffices for a decree in equity, in which the requirements of technical formality are not so stringent as in suits at law.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.