STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. VERDIGRE STATE BANK, E. H. LUIKART, RECEIVER, APPELLANT: R. E. KOUBA, ADMINISTRATOR, INTERVENER, APPELLEE.

FILED JANUARY 31, 1936. No. 29437.

*Howard Saxton* and *F. C. Radke,* for appellant.

*W. A. Meserve, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and REDICK and KROGER, District Judges.

ROSE, J.

In a proceeding by the state in the district court for Knox county to wind up the affairs of the Verdigre State Bank, an insolvent corporation, R. E. Kouba, administrator of the estate of Barbora Tusha, deceased, intervened and

presented for allowance a claim for an unpaid deposit in the sum of $4,831.40. E. H. Luikart, receiver of the bank, classified the claim as invalid. Upon formal pleadings the depositor and the receiver tried to the district court the issues involving the validity of the claim, which was allowed in full as a deposit on a par with other deposits. From the judgment below the receiver appealed to the supreme court.

The bank's accounts of deposits showed that R. E. Kouba, administrator, had on deposit May 28, 1931, $4,831.40 belonging to the estate of Barbora Tusha, deceased. On appeal the receiver contends that, prior to May 28, 1931, the estate had lost by peculation from former deposits of its funds $3,000 February 24, 1930, and $414.52 October 8, 1930, or a total of $3,414.52, leaving a balance of only $1,416.88 belonging to the estate as a valid deposit; that R. E. Kouba was also cashier of the bank and his father, A. V. Kouba, was president of it; that the two of them, acting as individuals, by conspiracy and connivance looted the deposit of the estate by extracting therefrom and embezzling $3,414.52; that the sum thus unlawfully extracted was never restored to the bank; that there is no valid claim for a deposit in excess of $1,416.88.

On the other hand, Rudolph Tusha, now administrator of the estate of Barbora Tusha, deceased, instead of R. E. Kouba, resigned, insists that the $3,000 unlawfully taken from the deposit of the estate February 24, 1930, and the $414.52 October 8, 1930, were not drawn by or for the estate, nor by the administrator who did not authorize or ratify the unlawful transactions.

The bank did in fact receive from the funds of the estate and credit to the administrator, in the form of deposits, the full amount of the claim in controversy. The $3,000 taken from the deposit of the estate February 24, 1930, was drawn by means of a check on the "Verdigre State Bank," payable to the "Bank" and bearing as drawer the name "R. E. Kouba." On its face the check was marked "Paid" February 24, 1930, by the stamp of the Verdigre State Bank. The evidence is that the check was not drawn by the

administrator or by R. E. Kouba, but by his father, A. V. Kouba, the president and dominant officer of the bank. R. E. Kouba testified positively to the effect that he did not write the check or authorize it or ratify the transactions in connection with it, and that he had at the time no knowledge of the fact. The evidence does not justify a finding that he was in a conspiracy with his father or with others to loot the estate. The other item of $414.52 taken from the estate has no better standing. It was also withdrawn on an unauthorized, spurious check bearing the ostensible signature, "R. E. Kouba, Admr.," written by A. V. Kouba. The check was marked "Paid" by the stamp of the bank. Where the proceeds went is not shown, but they did not go into the estate or into the hands of the administrator. The funds deposited did not belong to R. E. Kouba. They were trust funds in his care and he, as administrator, was a trustee. The bank books of account showed these facts. The knowledge of R. E. Kouba, cashier, and of A. V. Kouba, president, as to the nature and ownership of the fund, was imputable to the bank. At least $3,000 of the proceeds of the spurious checks went into the bank. It is a fair inference that the bank received also the proceeds of the forged check for $414.52. No part of the proceeds of this fictitious check went into the estate or into the hands of the administrator or of R. E. Kouba as an individual. Neither law nor equity awards the bank or its other depositors the benefits of these lawless acts nor thus destroys property rights of innocent beneficiaries of the trust, since the administrator and trustee did not perpetrate or participate in any of the wrongs. The conclusion is that the estate did not lose any part of its deposit by the peculations described. Rules of law under somewhat analogous situations were stated as follows:

"Where money is deposited in a bank by the executor of an estate, who is also president and manager of the bank, and where false entries are made which indicate that the money has been withdrawn from the bank, when in fact it was not so withdrawn, but diverted to other accounts for

the benefit of the bank, such false entries do not terminate the relationship of depositor and banker." *State v. Farmers & Merchants Bank of Kennard,* 118 Neb. 495, 225 N. W. 669.

"Where a trustee deposits in a bank, in the name of a corporation of which he is manager, trust funds belonging to others, the bank at the time having knowledge of the facts, any balance remaining on deposit, when the bank is closed on account of insolvency, inures to the benefit of the beneficiaries of the trust and may be protected in the hands of the receiver as a deposit." *State v. American State Bank,* 108 Neb. 111, 187 N. W. 762.

Whether the estate lost its deposit by the payment of checks subsequently drawn by the administrator requires consideration. While the bank was still open for business, R. E. Kouba, administrator, drew against the account of the estate four checks on dates and in amounts as follow: May 27, 1931, $1,630.66; May 27, 1931, $1,000; May 28, 1931, $1,938; May 29, 1931, $262.74; total, $4,831.40—the amount of intervener's claim. These checks were all payable to "Bank" and were marked "Paid" with the stamp of the bank. They were charged against the account of the estate on the books of the bank. The administrator procured from the assets of the bank by means of these four checks $1,630.66 in school district warrants; $1,000 in cash; $1,938 in note and mortgage; $262.74 in cash, or $4,831.40 in all. The department of trade and commerce took charge of the bank June 1, 1931. Luikart was appointed receiver June 20, 1931.

In a separate action at law against R. E. Kouba in the district court for Knox county the receiver filed a petition and an affidavit in replevin August 6, 1931. Under the writ the sheriff seized and delivered to the receiver the entire proceeds of the administrator's four checks, being $1,630.66 in school district warrants; $1,262.74 in cash; $1,938 in note and mortgage, all of the face value of $4,831.40. The right of the receiver to the property replevied was based on pleas in his petition and affidavit to the effect that the issu-

ance and payment of the checks, just before the bank was closed for insolvency, were attempts to create an illegal preference of the estate's account over the accounts of other depositors. In the affidavit for the writ of replevin, it was alleged in substance that R. E. Kouba, administrator of the estate of Barbora Tusha, deceased, had an account in the Verdigre State Bank in which there was a credit of $4,831.-40. In absence of a specific lien or other special interest, the issues in replevin were ownership, right of possession and unlawful detention of the property replevied. *Peterson v. Lodwick,* 44 Neb. 771, 62 N. W. 1100. The parties waived a jury and tried the cause to the district court. The allegations of the petition and affidavit in replevin were found to be true. The judgment was that the ownership and right of possession of the property replevied were in the receiver; that the value of the property replevied was its face value. From the judgment there was no appeal. The necessary effect of the final adjudication was to annul the checks drawn by the administrator against the checking account of the estate and to leave the liability of the bank and the receiver for the deposit of $4,831.40 undisturbed. The receiver was not entitled to both the proceeds of the checks and the charges against the deposit on which the checks were drawn. The checks did not benefit the estate or the administrator or R. E. Kouba. With the judgment in replevin in force, the entire consideration for the checks failed.

In the action of replevin the receiver as a party represented the bank and its creditors. To that action R. E. Kouba as an individual and as administrator was a party. All parties are bound by the judgment. The parties are the same as in the present controversy over the claim of the intervener. The annulment of the checks of the administrator was adjudicated in replevin. The judgment therein left the liability of the bank and of the receiver for the deposit undisturbed. By the former adjudication the receiver is estopped to question that liability. Matters once litigated and judicially determined will not generally be reexamined in a subsequent action between the same parties. *Wood v.*

*Carter,* 67 Neb. 133, 93 N. W. 158. Under the law and the facts Rudolph Tusha, present administrator of the estate of Barbora Tusha, deceased, is entitled to the allowance of the claim for the deposit of $4,831.40 on a par with other deposits. In so determining the district court made no mistake.

AFFIRMED.